UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

SYNCA DIRECT, INC.,

                      Plaintiff,

~against~

MULTIMEDIA DENTAL SYSTEMS, INC.,

                      Defendant.

**COMPLAINT**

Index No.: _____

The Plaintiff, Synca Direct, Inc., by and through its attorneys, Stafford, Owens, Curtin & Trombley, PLLC, complaining of Defendant MultiMedia Dental Systems, Inc., alleges:

**PARTIES**

1. At all times relevant hereto, the Plaintiff, Synca Direct, Inc. (hereinafter the "Plaintiff") was and is a foreign corporation duly organized and existing under the laws of the State of Delaware and licensed as a foreign corporation in the State of New York, with offices located at 1320 Route 9, Champlain, New York.

2. Upon information and belief, Defendant MultiMedia Dental Systems, Inc. (hereinafter the "Defendant"), was and is a foreign corporation duly organized and existing under the laws of the State of Georgia, with offices located at 1302 Macy Drive, Roswell, Georgia.

**JURISDICTION**

3. This action arises under the Copyright Law of the United States of America. This Court has jurisdiction over the subject matter of this action pursuant to 17 USC § 501, 28 USC § 1331, 28 USC § 1338(a) and 28 USC § 2201.

4. This Court also has diversity jurisdiction of this matter pursuant to 28 USC § 1332 as this matter is between Plaintiff, which is incorporated in Delaware and licensed to do business in

New York, and Defendant, which is incorporated in Georgia, and as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## VENUE

5. Venue properly rests in the United States District Court for the Northern District of New York pursuant to 28 USC § 1391(c).

## RELEVANT FACTS

6. Plaintiff is a business corporation which specializes in the development and marketing of imaging software for dentists.

7. Defendant is a competitor of Plaintiff in the dental imaging industry.

8. Plaintiff currently markets and sells dental imaging software known as CADI v4 (the "Software") throughout the United States.

9. Upon information and belief, Defendant markets and sells competing software known as Mediadent v4.5 within that market.

10. Defendant has made statements in the marketplace that the Software infringes on certain protected rights of the Defendant. See Exhibit A attached hereto.

11. Plaintiff's Software is an original work of authorship and in no way infringes on any of Defendant's protected rights.

12. Plaintiff has relied upon written representations of the creator/owner of the Software that it was independently developed.

13. In order to protect its position in the marketplace, Plaintiff requires a judgment adjudging and declaring that Plaintiff's software in no way infringes on the rights of Defendant.

14. Plaintiff has no adequate remedy at law.

**WHEREFORE,** Plaintiff demands a judgment adjudging and declaring that Plaintiff's

software known as CADI v4 in no way infringes on any protected rights of the Defendant, together with the costs of this action, and such other and further relief as the Court deems just and proper.

Dated: October 17, 2006
Plattsburgh, New York

*[signature]*

William L. Owens, Esq.
Bar No.: 103479
Stafford, Owens Curtin & Trombley, PLLC
*Attorneys for Plaintiff, Synca Direct, Inc.*
One Cumberland Avenue
P.O. Box 2947
Plattsburgh, New York 12901
Telephone: (518) 561-4400

**Exhibit A**

# Holland+Knight

Tel 404 817 8500
Fax 404 881 0470

Holland & Knight LLP
One Atlantic Center, Suite 2000
1201 West Peachtree Street, N.E.
Atlanta, GA 30309-3453
www.hklaw.com

Gregory J. Digel
404 898 8120
greg.digel@hklaw.com

June 28, 2006

Mr. Claude Berthoin
Video Dental Concepts
110 East Granada Boulevard, Suite 207
Ormond Beach, Florida 32176

Dear Mr. Berthoin:

We represent MultiMedia Dental Systems, Inc. which owns all of the rights in the MediaDent software. MultiMedia originally obtained exclusive rights to modify, license, and distribute the MediaDent software in North America, Central America, and South American through an Exclusive Licensing Agreement dated as of December 24, 2000, between MultiMedia and Mr. Gerrit Martens. In that Exclusive Licensing Agreement, Mr. Martens granted MultiMedia:

> A perpetual, exclusive, royalty free and unconditional and irrevocable license of any and all versions of any kind, past, present and/or future . . . versions [of the MediaDent software].

In the Exclusive License Agreement the parties expressly agreed that "any software which uses MediaDent as a front-end and/or uses MediaDent as a source code in any way is subject to this Agreement. . . ." In other words, MultiMedia obtained the exclusive rights to market and license the existing software, all subsequent versions and any software which includes any portion of the MediaDent code.

Paragraph No. 9 of the Exclusive License Agreement provided that, in the event that Mr. Martens defaulted or ceased his ongoing business operations, upon 90 days notice to the agent which was holding certain materials in escrow, all the escrowed materials would immediately become the sole property of MultiMedia, to the exclusion of Mr. Martens, and that all right, title and interest in or associated with, the software would vest in MultiMedia. Because Mr. Martens' company initiated insolvency proceedings under Belgian law and eventually ceased operations, this provision was triggered, leaving MultiMedia as the sole owner of the software and all rights associated therewith throughout the world. In addition, MultiMedia has registered the copyright in the MediaDent software with the United States Copyright Office, which assigned United States Registration Number TX-6-159-013.

Mr. Claude Berthoin
June 28, 2006
Page 2

At the recent National Dental Conference in Orlando, Florida, Video Dental Concepts was advertising software named CADI, which apparently is produced by a Canadian firm called Synca. Although it is not licensed to use the MediaDent code, Synca's CADI product does utilize MediaDent code, in contravention of MultiMedia's exclusive rights and United States copyright law. Video Dental Concepts' copying, distribution, licensing, and use of the CADI software is unauthorized and unlawful, giving rise to both common law and statutory causes of action which include, among other things, copyright infringement, unfair competition, passing off, misappropriation of trade secrets, false designation of origin, and trademark and/or trade name infringement. MultiMedia is entitled to monetary damages and injunctive relief to prevent further violations of its rights in the MediaDent software.

Accordingly, within 20 days of the date of this letter, Video Dental Concepts must provide MultiMedia with written assurances (1) that it has ceased marketing, in any form or media, CADI, or other software containing any portion of the code from MediaDent, and (2) that Video Dental Concepts has permanently destroyed all copies of CADI software and taken steps to ensure that no future violation of our client's rights in the MediaDent software or any of its progeny are compromised. Video Dental Concepts must also provide MultiMedia with an accounting of any and all revenues that Vide Dental Concepts has received from the licensing or sale of the CADI software. If Video Dental Concept does not comply, unconditionally, with these requests, MultiMedia will take whatever other actions it deems appropriate to protect its rights, including filing suit without further notice. Nothing in this letter, of course, should be construed as a waiver of any right, remedy, claim, or position that may be available to MultiMedia, all of which it expressly reserves.

We shall look forward to your prompt response.

Very truly yours,

Gregory J. Digel

GJD/wes

#3871553_v2