UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SYNCA DIRECT, INC.,

    Plaintiff and Counterclaim-Defendant,

vs.

MULTIMEDIA DENTAL SYSTEMS, INC.,

    Defendant and Counterclaim-Plaintiff,

vs.

SYNCA and JOHN DOES 1-5,

    Additional Counterclaim-Defendants.

06-CV-1263 (LEK) (DRH)

---

### ANSWER AND COUNTERCLAIM OF MULTIMEDIA DENTAL SYSTEMS, INC.

Defendant and counterclaim-plaintiff, Multimedia Dental Systems, Inc., ("MDS") hereby answers the allegations in the Complaint filed by plaintiff and counterclaim-defendant Synca Direct, Inc., asserts affirmative defenses, and asserts counterclaims for copyright infringement and unfair and deceptive trade practices.

1.    MDS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, and therefore denies them.

2.    MDS admits that it is a corporation duly organized under the laws of the state of Georgia and that it has a principal place of business at 1302 Macy Drive, Roswell, Georgia.

3.    The allegations in paragraph 3 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 3 contains any factual allegations, MDS denies them.

4. The allegations in paragraph 4 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 4 contains any factual allegations, MDS denies them.

5. The allegations in paragraph 5 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 5 contains any factual allegations, MDS denies them.

6. MDS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint, and therefore denies them.

7. MDS admits that plaintiff is offering software known as CADI v4 ("CADI"), which infringes MDS' registered copyright in its MediaDent software, and to that extent plaintiff is unlawfully and unfairly competing with MDS. MDS otherwise denies the allegations in paragraph 7.

8. MDS admits that plaintiff is offering, licensing, copying, and distributing the CADI software within the United States, in violation of MDS' exclusive rights in its registered copyright. MDS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 and therefore denies them.

9. MDS admits that it has developed, licensed, and marketed its MediaDent software, which is covered by MDS' registered copyright and to which MDS has exclusive rights. MDS further admits that plaintiff has been offering the infringing CADI software and to that extent plaintiff is unlawfully and unfairly competing with MDS. MDS denies the remaining allegations in paragraph 9.

10. MDS admits that it has taken lawful and appropriate steps to protect its valuable rights in its registered copyright and in its MediaDent software. MDS further admits that it has

notified third parties who have been marketing or offering the infringing CADI software that the CADI software infringes its rights in its copyright and under common law. MDS otherwise denies the allegations in paragraph 10.

11. Denied.

12. MDS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 and therefore denies them.

13. Denied. Further answering, MDS states that the plaintiff does not have any legitimate position in the marketplace because its business is built entirely around the infringement of MDS' exclusive rights in its copyrighted software.

14. The allegations in paragraph 14 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 14 contains any factual allegations, MDS denies them.

## DEFENSES

### FIRST DEFENSE

This Court lacks jurisdiction over MDS.

### SECOND DEFENSE

Venue is improper in this Court.

### THIRD DEFENSE

Plaintiff's claim is barred for insufficient service of process.

### FOURTH DEFENSE

This Court lacks subject matter jurisdiction over plaintiff's claim because there is no justiciable controversy sufficient to give rise to relief under the Declaratory Judgment Act.

## FIFTH DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted.

## SIXTH DEFENSE

Plaintiff's claim is barred by plaintiff's unclean hands.

## SEVENTH DEFENSE

MDS intends to add and rely upon such other and further defenses as may become apparent during discovery of this action, and it reserves the right to amend its answer to assert such defenses.

## **COUNTERCLAIMS**

MDS asserts the following counterclaims.

## PARTIES

1.  Defendant and Counterclaim-plaintiff MultiMedia Dental Systems, Inc. ("MDS") is a corporation duly organized under the laws of the State of Georgia with a principal place of business at 1302 Macy Drive, Roswell, Georgia.

2.  Upon information and belief, plaintiff and counterclaim-defendant Synca Direct, Inc. ("Synca") is a foreign corporation with a place of business at 1320 Route 9, Champlain, New York.

3.  Upon information and belief, counterclaim-defendant Synca ("Synca Canada") is a foreign corporation with a place of business at 337 Marion, Le Gardeur, PQ Canada J5Z 4W8.

4.  Counterclaim-defendants John Does 1-5 are fictitious names for the individuals who own, operate, or otherwise control Synca and Synca Canada. Upon information and belief, these individuals reside and/or transact substantial business in this district. Upon information and belief, John Does 1-5 (a) personally participated in and/or had the right and ability to

supervise, direct and control the infringement and other wrongful conduct alleged in this Counterclaim, and (b) derived direct financial benefit from that infringement and other wrongful conduct.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over MDS' claims for copyright infringement and related claims pursuant to 17 U.S.C. § 501, 28 U.S.C. § 1331, and 28 U.S.C. § 1338.

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over MDS' claims arising under state law because these claims are so related to MDS' claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because (a) the acts of infringement and other wrongful conduct alleged occurred in this district and (b) the counterclaim-defendants may be found in this district.

## FACTUAL ALLEGATIONS

8. MDS develops, advertises, markets, distributes, and licenses the MediaDent software ("MediaDent"), the world's most widely used digital X-ray and dental imaging software. Designed as an open architecture solution, MediaDent works with virtually any sensor, PSP, digital pan, scanner or camera, and integrates with a wide range of practice management software systems.

9. MDS owns the exclusive rights to MediaDent. It holds a valid copyright in MediaDent (including the screen displays and related documentation) that was duly and properly registered with the United States Copyright Office, bearing the Registration Number TX-6-159-013.

10. Synca and Synca Canada are engaged in the advertising, marketing, and distribution of computer software, including software known as CADI v4 ("CADI"). CADI is dental imaging software that is covered by MDS' registered copyright.

11. On or about February 7, 2005, MDS notified Synca and Synca Canada by letter that their CADI software infringes MDS' intellectual property rights. MDS further demanded that Synca and Synca Canada cease and desist their infringing conduct.

12. In response to this written notice, Synca and Synca Canada denied that they were distributing the CADI software. In fact, however, both were offering, promoting, and distributing the CADI software in New York and throughout the United States and have continued to do so.

13. The counterclaim-defendants have committed and are continuing to commit acts of copyright infringement against MDS. The counterclaim-defendants' conduct has been willful, or, at a minimum, they have been willfully blind and have acted in reckless disregard of MDS' registered copyright.

14. MDS now brings this counterclaim to restrain and enjoin Synca, Synca Canada, and John Does 1-5 from their continuing infringement of MDS' rights in MediaDent. MDS further seeks to recover monetary damages as compensation for the harm that it has suffered as a result of counterclaim-defendants' wrongful conduct.

## COUNT I
**(Copyright Infringement -- against all Counterclaim-Defendants)**

15. MDS realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 14 of this Counterclaim.

16. MDS is the sole owner of the MediaDent software and the corresponding copyright and Certificate of Registration.

17. Counterclaim-defendants have infringed the copyright in MediaDent, by distributing infringing materials in the United States of America without approval or authorization from MDS.

18. John Does 1-5 are individually liable for Synca's and Synca Canada's infringement because, upon information and belief, they (a) participated, actively and substantially in the infringement and/or had the right and ability to supervise, direct, and control the infringement, and (b) derived direct financial benefit from that infringement and other wrongful conduct.

19. As a result of their wrongful conduct, the counterclaim-defendants are liable to MDS for copyright infringement. 17 U.S.C. § 501. MDS has suffered and continues to suffer damages. MDS is entitled to recover its damages, which include any and all profits counterclaim-defendants have made as a result of their wrongful conduct. 17 U.S.C. § 504. Alternatively, MDS is entitled to statutory damages under 17 U.S.C. § 504(c).

20. In addition, counterclaim-defendants' infringement has been willful within the meaning of the Copyright Act; at a minimum, counterclaim-defendants acted with willful blindness to and in reckless disregard of MDS' registered copyrights. Accordingly, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

21. MDS is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. MDS has no adequate remedy at law for counterclaim-defendants' wrongful conduct because, among other things, (a) MDS' copyright is unique and valuable property which has no readily determinable market value, (b) counterclaim-defendants' infringement harms MDS such that MDS could not

be made whole by any monetary award, and (c) counterclaim-defendants' wrongful conduct, and the resulting damage to MDS, is continuing.

22.     MDS is also entitled to recover its attorneys' fees and costs of suit. 17 U.S.C. § 505.

## COUNT II
### (Common Law Unfair Competition - against all Counterclaim-Defendants)

23.     MDS realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 14 of this Counterclaim.

24.     Counterclaim-defendants' acts and conduct as alleged above, including the reverse passing off of infringing software, constitute unfair competition under applicable common law.

25.     The acts and conduct of counterclaim-defendants are likely to cause confusion and mistake among customers, end users, and the public as to the origin or association of counterclaim-defendants' infringing software. These acts and conduct are likely to lead the public to conclude, incorrectly, that the counterclaim-defendants' infringing software originates with, is sponsored by, or is authorized by MDS, to the damage and harm of MDS, its licensees, and the public.

26.     Counterclaim-defendants' conduct as alleged above has damaged and will continue to damage MDS and has resulted in losses to MDS and an illicit gain of profit to counterclaim-defendants in an amount that is unknown at the present time.

## COUNT III
### (For Imposition of a Constructive Trust Upon Illegal Profits Against All Counterclaim-Defendants)

27.     MDS realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 14 of this Counterclaim.

28. Counterclaim-defendants' conduct constitutes deceptive, fraudulent and wrongful conduct in the nature of reverse passing off the infringing materials.

29. By virtue of their wrongful conduct, counterclaim-defendants have illegally received money and profits that rightfully belong to MDS.

30. Upon information and belief, counterclaim-defendants hold the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

31. Counterclaim-defendants hold the money and profits they have illegally received as constructive trustees for the benefit of MDS.

## COUNT IV
### (Accounting – Against All Counterclaim-Defendants)

32. MDS realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 14 of this Counterclaim.

33. MDS is entitled, pursuant to 17 U.S.C. § 504, to recover any and all profits of counterclaim-defendants that are attributable to their acts of infringement.

34. MDS is entitled, pursuant to 17 U.S.C. § 504, to actual damages or statutory damages sustained by virtue of counterclaim-defendants' acts of infringement.

35. The amount of money due from counterclaim-defendants to MDS is unknown to MDS and cannot be ascertained without a detailed accounting of the precise number of units of infringing material offered for distribution and distributed by counterclaim-defendants.

## PRAYERS FOR RELIEF

WHEREFORE, MDS respectfully requests judgment against Synca, Synca Canada, and John Does 1-5 as follows:

(1) That the Court enter a judgment against counterclaim-defendants as indicated below:

 (a) that counterclaim-defendants have willfully infringed MDS' rights in federally registered copyright number TX-6-159-013, in violation of 17 U.S.C. § 501;

 (b) that counterclaim-defendants have engaged in unfair methods of competition in violation of applicable common law;

 (c) that counterclaim-defendants have otherwise injured the business reputation and business of MDS by the acts and conduct set forth in this Counterclaim.

(2) That the Court issue injunctive relief against counterclaim-defendants, and that counterclaim-defendants, their principals, directors, officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with counterclaim-defendants, be enjoined and restrained from:

 (a) imitating, copying, or making any other infringing use or infringing distribution of software programs protected by MDS' Certificate of Copyright Registration No. TX-6-159-013 and any other works now or hereafter protected by any MDS copyright;

 (b) manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any software program bearing any simulation, reproduction, copy, or colorable imitation of any of MDS' registered copyrights, including, but not limited Copyright Registration No. TX-6-159-013;

  (c) engaging in any other activity constituting an infringement of any of MDS' copyrights, or of MDS' rights in, or right to use or to exploit these copyrights; and

  (d) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (c) above.

 (3) That the Court enter an order declaring that counterclaim-defendants hold in trust, as constructive trustees for the benefit of MDS, their illegal profits obtained from their distribution of infringing software, and requiring counterclaim-defendants to provide MDS a full and complete accounting of all amounts due and owing to MDS as a result of counterclaim-defendants' illegal activities.

 (4) That the Court order counterclaim-defendants to pay MDS damages as follows:

  (a) MDS' damages and counterclaim-defendants' profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for counterclaim-defendants' willful infringement of MDS' copyright;

  (b) MDS' damages and counterclaim-defendants' profits pursuant to applicable common law.

 (5) That the Court order counterclaim-defendants to pay to MDS both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action; and

 (6) That the Court grant to MDS such other and additional relief as is just and proper.

## JURY DEMAND

MDS demands a jury trial on all claims so triable.

HOLLAND & KNIGHT LLP

By: *[signature]*
James V. Marks (Bar No. 513143)
195 Broadway
New York, New York 10007
(212) 513-3200
(212) 385-9010 (fax)

james.marks@hklaw.com

Of Counsel:

Gregory J. Digel
HOLLAND & KNIGHT LLP
One Atlantic Center, Suite 2000,
1201 West Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 817-8500
(404) 881-0470 (fax)

Edward J. Naughton
HOLLAND & KNIGHT LLP
10 St. James Avenue, 11th Floor
Boston, Massachusetts 02116
(617) 523-2700
(617) 523-6850 (fax)

Attorneys for Defendant and Counterclaim Plaintiff

# 4197356_v2