# Holland+Knight

Tel 212 513 3200
Fax 212 385 9010

Holland & Knight LLP
195 Broadway
New York, NY 10007-3189
www.hklaw.com

James V. Marks
212 531 3531
james.marks@hklaw.com

November 29, 2006

<u>VIA TELEFAX: (518) 257-1851</u>

Hon. David R. Homer
United States Magistrate Judge
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, New York 12207

   Re: Synca Direct Inc. v. MultiMedia Dental Systems, Inc.
     Index No.: 06-CV-1263

Dear Magistrate Judge Homer:

  We represent the defendant and counterclaim plaintiff MultiMedia Dental Systems, Inc. ("MDS") in the above-referenced action and write to request respectfully that Your Honor direct the Court Clerk to issue a Summons that MDS can serve on "Synca," the additional counterclaim defendant.[1] To date, the Clerk has declined to issue the Summons, presumably on the mistaken belief that leave of Court is required for its issuance. Attached hereto is a copy of the proposed Summons.

  MDS has joined Synca to the action pursuant Fed. R. Civ. P. 13(h) ("Rule 13(h)"). Rule 13(h) states:

> Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20.

Fed. R. Civ. P. 13(h); 3 Moore's Federal Practice, § 13.112. Fed. R. Civ. P. 19 and 20 ("Rules 19 and 20") deal with mandatory and permissive joinder, respectively. In this case, MDS has joined Synca to the action pursuant to Rule 20 because MDS' counterclaims against Synca arise out of the same transactions and occurrences and involve similar questions of fact and law as those claims asserted by MDS against Plaintiff.

  Neither Rule 13(h) nor Rules 19 and 20 expressly requires a party to file a motion prior to joining additional parties. See Fed. R. Civ. P. 13(h), 19 and 20; <u>Neyer, Tiseo & Hindo, Ltd. v. Russell</u>, No. Civ. 92-2983, 1993 WL 53579, at *2 (E.D. Pa. Mar. 3, 1993) (recognizing that "[n]either rule on its face requires a party to file a motion before it joins additional parties"). As

---

[1] "Synca" is a different entity than the plaintiff, Synca Direct Inc. ("Plaintiff").

Hon. David R. Homer
November 29, 2006
Page 2

such, courts have held that leave of court is not required before joining an additional party pursuant to Rule 13(h). See, e.g., Money Station, Inc. v. Electronic Payment Servs., Inc., No. C1-95-098, 1996 WL 380703 (S.D. Ohio Apr. 5, 1996) (holding that "Rule 13(h) does not require leave of Court to add parties brought in on a counterclaim which is raised in the original answer"); Neyer, 1993 WL 53579, at *3 (refusing to dismiss counterclaims against individual counterclaim defendants on ground that leave of court was not sought to join these individuals); Metallgesellschaft AG v. Foster Wheeler Energy Corp., 143 F.R.D. 553 (D. Del. 1992) (holding that the defendant's right to add a counterclaim in response to the amended complaint "included the right to add new parties without leave of court, consistent with Fed. R. Civ. P. 13(h)"); Northfield Ins. Co. v. Bender Shipbuilding & Repair Co., 122 F.R.D. 30, 32-33 (S.D. Ala. 1988) (holding that "leave of court is not required by the Fed. R. of Civ. P. to join a previous non-party as a counterclaim defendant"); Vermont Castings, Inc. v. Evans Products Co., 510 F. Supp. 940, 946 (D. Vt. 1981) (denying motion to dismiss for failure to obtain leave of court to bring in additional counterclaim defendant).[2] The basis for these holdings is the 1966 revision to Rule 13(h) that eliminated the need to obtain leave of court to bring in new parties by dropping the phrase "the court shall order [additional parties] to be brought in." Neyer, 1993 WL 53579, at *3; Northfield, 122 F.R.D. at 31; Vermont Castings, 510 F. Supp. at 946. The courts also recognized that the spirit of the Federal Rules of Civil Procedure is served by eliminating unnecessary motions. Neyer, 1993 WL 53579, at *3; Northfield, 122 F.R.D. at 33; Vermont Castings, 510 F. Supp. at 946.

Absent a waiver, in order for Synca to be subject to personal jurisdiction in this Court, it must be served with a Summons. See 1 Moore's Federal Practice, § 4.03[1]. As such, and in view of the foregoing, MDS respectfully requests that the Court direct the Clerk to issue the attached Summons pursuant to Fed. R. Civ. P. 4(b).

Respectfully submitted,

James V. Marks

JVM:cpm

cc: William Owens, Esq.

# 4213095_v1

*Request GRANTED. The Clerk shall issue the summons as requested by defendant. So ordered.*

*David R. Homer*
*U.S.M.J.*
*11/29/06*

---

[2] We were unable to locate Second Circuit or New York federal district cases discussing whether leave of court is required to join additional counterclaim defendant pursuant to Rule 13(h).

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

NORTHERN District of NEW YORK

SYNCA DIRECT, INC.,
Plaintiff and Counterclaim-Defendant,

v.

MULTIMEDIA DENTAL SYSTEMS, INC.,
Defendant and Counterclaim-Plaintiff,

v.

SYNCA and JOHN DOES 1-5,
Additional Counterclaim-Defendants.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 06-CV-1263 (LEK) (DRH)

TO: (Name and address of Defendant)

Synca
337 Marion, Le Gardeur
PQ Canada J5Z 4W8

John Does 1-5
Address Unknown

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

HOLLAND & KNIGHT LLP
James V. Marks (Bar No. 513143)
195 Broadway
New York, New York 10007
(212) 513 3200
(212) 385 9010 (fax)
james.marks@hklaw.com

an answer to the complaint which is served on you with this summons, within ____20____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK                                       DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
              Date                  *Signature of Server*

              _____
                   *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.