UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

SYNCA DIRECT, INC.,

    Plaintiff and
    Counterclaim-Defendant,

    vs.

MULTIMEDIA DENTAL SYSTEMS, INC.,

    Defendant and
    Counterclaim-Plaintiff,

    vs.

SYNCA, and JOHN DOES 1-5,

    Additional
    Counterclaim-Defendants.

---------------------------------------------------------------x

Index No. 06-CV-1263
LEK/DRH

**DECLARATION OF ROBERT SCOTT McLAUGHLIN**

# 4292654_v1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

---

SYNCA DIRECT, INC.,

                Plaintiff,

~against~

MULTIMEDIA DENTAL SYSTEMS, INC.

                Defendant.

**DECLARATION OF ROBERT SCOTT McLAUGHLIN**

Index No. 06-CV-1263 LEK/DRH

---

I, Robert Scott McLaughlin., hereby declare as follows:

1. My name is Robert Scott McLaughlin, and I am the President of MultiMedia Dental Systems, Inc. ("MMD"). MMD provides a number of products to the dental profession, including MediaDent Dental Imaging v.4.5 software ("MediaDent D.I."), a digital x-ray and dental imaging software solution.

2. MMD obtained the rights to MediaDent D.I. software as result of a Software Sale, Purchase and Exclusive Licensing Agreement dated as of December 24, 2000, between MMD and Garrett Martens, a true and correct copy of which is attached hereto as Exhibit I ("Martens Agreement"). Under the Martens' Agreement, MMD for a purchase price of $1,250,000, received the perpetual, exclusive and irrevocable license to market the then current version of the MediaDent software, including all upgrades thereto, future versions thereof, and other software which utilized MediaDent Source Code in any way, in the Americas.

3. The Martens Agreement contained two important provisions to protect MMD in the event of the non-performance by the seller. First, the Agreement required the creation of a

Source Code Escrow into which the seller deposited a copy of the Source Code for all of the software covered by the Agreement. In the second provision, the parties agreed that, in the event of default by the seller which was not timely cured, the Escrow Agent was authorized to immediately deliver all escrow materials to MMD and that MMD would become the sole owner, with all right, title and interest to the MediaDent software, including updates, new versions, or products utilizing the MediaDent Source Code. After initial performance by both parties, the seller did default and failed to timely cure. MMD requested the release of the materials deposited with the Escrow Agent, SMC, and SMC released the materials in August 2004.

4. MMD applied for a copyright, and on March 4, 2005, the United States Copyright Office issued Certificate of Registration No. TX-6-159-013 to MMD.

5. MMD entered into a Distributor Agreement with Synca dated April 18, 2002, which authorized Synca to offer certain MMD products, including a predecessor of the Media Dent D.I. software under specific terms and conditions. A true and correct copy that Agreement is attached hereto as Ex. II. Because of Synca's poor performance, the Agreement was terminated and Synca was no longer authorized to offer products utilizing the MediaDent Source Code.

6. In 2005, MMD discovered that Synca was marketing a product, CADI, which appeared to utilize MediaDent's Source Code. At my request the company attorneys wrote to Synca and demanded that it cease that activity. In response, Synca did not deny that its product infringed MMD's copyright , but it represented that it was no longer marketing the product. Accordingly, we took no further action.

7. In 2006, we again discovered that Synca was attempting to market CADI, which still appeared to infringe on MMD's product, at trade shows and via the Internet. At our request, our attorneys took steps to protect MMD's intellectual property rights.

8. First as licensee and then as owner, MMD has invested significant time and money in refinements and improvements to the original MediaDent software. MMD has also invested significant time and money in the advertising and marketing of MediaDent software and the associated brand name. If a competitor is allowed to utilize software incorporating the MediaDent Source Code with impunity, the value of the original investment under the Martens Agreement and the subsequent research development, marketing and sales effort of MMD will be substantially impaired. It would be difficult to quantify the exact amount of the loss suffered and to be suffered by MMD as a result of an infringement on its copyrighted software.

9. I am over 18 years of age and suffering no legal disability. The foregoing statements are based on my personal knowledge and observation, and are made with the understanding it may be used in support of an application for injunctive relief or any other purpose provided by law.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 3rd day of January, 2007.

_____
Robert Scott McLaughlin

# 4273560_v1