UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
:
SYNCA DIRECT, INC., :
:
    Plaintiff and :
    Counterclaim-Defendant, :
:
    vs. :
:
MULTIMEDIA DENTAL SYSTEMS, INC., :
:   Index No. 06-CV-1263
    Defendant and :   LEK/DRH
    Counterclaim-Plaintiff, :
:
    vs. :
:
SYNCA, and JOHN DOES 1-5, :
:
    Additional :
    Counterclaim-Defendants. :
:
-----------------------------------------------------------x

## DECLARATION OF GREGORY J. DIGEL

# 4292654_v1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

---

SYNCA DIRECT, INC.,

                Plaintiff,

~against~

MULTIMEDIA DENTAL SYSTEMS, INC.

                Defendant.

**DECLARATION OF GREGORY J. DIGEL**

Index No. 06-CV-1263 LEK/DRH

---

I, Gregory J. Digel., hereby declare as follows:

1. My name is Gregory J. Digel, and I am a partner in the law firm of Holland & Knight LLP, resident in the firm's Atlanta office. I have been licensed to practice law in the State of Georgia for over 30 years, and I have been specially admitted or acted "of counsel" in numerous other jurisdictions. My firm represents the defendant and counterclaim plaintiff, MultiMedia Dental Systems, Inc. ("MMD").

2. Pursuant to the terms of an exclusive license agreement between MMD and Gerrit Martens, the then-owner of an earlier version of MediaDent Digital Imaging ("MediaDent D.I.") software, our client became the sole owner of the software and had all right, title and interest in or associated with the software. (See the Declaration of Scott McLaughlin for a more complete explanation.)

3. In early 2005, MMD became aware that Synca Canada, a counterclaim defendant, was attempting to market a product under the trade name CADI which appeared to infringe upon MMD's copyrighted software. On behalf of MMD, I prepared and sent a letter dated February 7,

2005, setting forth our client's position and demanding that Synca immediately cease and desist marketing the infringing software. A true and correct copy of my letter to Synca's Raymond Monette is attached hereto as Exhibit I.

4. Over a month later, I received a letter dated March 22, 2005 from counsel for Synca, a true and correct copy of which is attached hereto as Exhibit II. In the letter, counsel did not deny that the CADI software infringed on our client's copyrighted software. Rather, he questioned our client's rights in the software but concluded by stating that his "client is not selling the product alleged."

5. Based on the representation that Synca was "not selling the product alleged," MMD did not pursue the matter further until it discovered early in 2006 that Synca was once again attempting to market the infringing CADI product. On behalf of MMD, I wrote to Synca on October 18, 2006, demanding that it cease and desist marketing the infringing CADI software and otherwise taking certain steps to protect our client's rights. A true and correct copy of that letter is attached hereto as Exhibit III.

6. Apparently in response, Synca Canada, acting through its wholly owned United States subsidiary, Synca Direct, initiated the instant action. In order to expeditiously resolve the issues, by means of telephone communication and written correspondence I requested that the counterclaim defendants provide a copy of the Source Code for the CADI product so that it could be compared to the Source Code for MediaDent D.I. A true and correct copy of two such efforts, correspondence dated November 14 and 21, 2006, are attached here to as Exhibits IV and V.

7. By letter dated December 18, 2006, a true and correct copy of which is attached hereto as Exhibit VI, counsel for counterclaim defendant Synca Direct responded. Counsel

- 3 -

refused to produce the source code. Once again, counsel did not deny that the product that his clients are marketing is infringing but, instead questioned MMD's right in the software without offering any explanation as to the nature of his clients contentions.

8. I am over 18 years of age and suffering no legal disability. The foregoing statements are based on my personal knowledge and observation, and are made with the understanding it may be used in support of an application for injunctive relief or any other purpose provided by law.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 3rd day of Jan, 2007.

_____
Gregory J. Digel

# 4273363_v1