# EXHIBIT I

# HOLLAND & KNIGHT LLP

One Atlantic Center
1201 West Peachtree Street, N.E.
Suite 2000
Atlanta, Georgia 30309-3400

404-817-8500
404-881-0470 Fax
www.hklaw.com

Annapolis
Atlanta
Bethesda
Boston
Bradenton
Chicago
Fort Lauderdale
Jacksonville
Lakeland
Los Angeles
Miami
New York
Northern Virginia
Orlando
Portland
Providence
St. Petersburg

San Antonio
San Francisco
Seattle
Tallahassee
Tampa
Washington, D.C.
West Palm Beach

International Offices:
Caracas*
Helsinki
Mexico City
Rio de Janeiro
São Paulo
Tel Aviv*
Tokyo

*Representative Office

Gregory J. Digel
404 898 8120
greg.digel@hklaw.com

February 7, 2005

<u>VIA FACSIMILE No. 1-800-554-1021</u>

Mr. Raymond Monette
Synca
337 Marion
Le Gardeur, Quebec  J5Z 4W8

Dear Mr. Monette:

     We represent MultiMedia Dental Systems, Inc. which holds the exclusive right to produce and license MediaDent software in North America, Central America, and South America. MultiMedia originally obtained its rights in the software pursuant to an Exclusive Licensing Agreement dated as of December 24, 2000, between MultiMedia and Mr. Gerrit Martens under which Mr. Martens granted MultiMedia:

> A perpetual, exclusive, royalty free and unconditional and irrevocable license of any and all versions of any kind, past, present and/or future . . . versions [of the MediaDent software].

     In the Exclusive License Agreement the parties expressly agreed that "any software which uses MediaDent as a front-end and/or uses MediaDent as a source code in any way is subject to this Agreement. . . ." In other words, MultiMedia obtained the exclusive rights to market and license the existing software, all subsequent versions and any software which includes any portion of the MediaDent code.

     Paragraph No. 9 of the Exclusive License Agreement provided that, in the event that Mr. Martens defaulted or ceased his ongoing business operations, upon 90 days notice to the agent which was holding certain materials and in escrow, all the escrowed materials would immediately become the sole property of MultiMedia to the exclusion of Mr. Martens, and that all right, title and interest in or associated with, the software would vest in MultiMedia. Because Mr. Martens' company initiated insolvency proceedings under Belgian law and eventually ceased

Mr. Raymond Monette
February 7, 2005
Page 2

operations, this provision was triggered, leaving MultiMedia as the sole owner of the software and all rights associated therewith.

    It has come to MultiMedia's attention that Imagelevel, a Belgian firm with which some of Mr. Martens' former programmers are affiliated, has been marketing a product using MediaDent software and the MediaDent name through you, in violation of United States and International law. This conduct gives rise to both common law and statutory causes of action which include, among other things, copyright infringement, unfair competition, passing off, false designation of origin, and trademark and/or trade name infringement. MultiMedia is entitled to injunctive relief to prevent further dilution of its rights in the MediaDent name and software and money damages for any actual losses sustained as the result of this conduct.

    Accordingly, within 20 days of the date of this letter, Synca must provide MultiMedia with written assurances (1) that it has ceased marketing, in any form or media, software containing any portion of the code from the MediaDent product in North America, Central America, or South America, and (2) that Synca has taken steps to assure that no future violation of our client's rights in the MediaDent software or any of its progeny are compromised. Failure to comply with these requests will necessarily require commencement of an action to enforce our client's rights.

    We shall look forward to your prompt response.

Very truly yours,

Gregory J. Digel

GJD/wes

# 2595304_v1