UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
SYNCA DIRECT, INC., :
:
    Plaintiff and :
    Counterclaim-Defendant, :
:
    vs. :
:
MULTIMEDIA DENTAL SYSTEMS, INC., :
:   Index No. 06-CV-1263
    Defendant and :          LEK/DRH
    Counterclaim-Plaintiff, :
:
    vs. :
:
SYNCA, and JOHN DOES 1-5, :
:
    Additional :
    Counterclaim-Defendants. :
:
------------------------------------------------------------x

### AFFIDAVIT OF GREGORY J. DIGEL

# 4292654_v1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

---

SYNCA DIRECT, INC.,

                Plaintiff,

~against~

MULTIMEDIA DENTAL SYSTEMS, INC.

                Defendant.

**AFFIDAVIT OF GREGORY J. DIGEL**

Index No. 06-CV-1263 LEK/DRH

---

I, Gregory J. Digel., hereby declare as follows:

1. My name is Gregory J. Digel, and I am of counsel for the Defendant and Counterclaim Plaintiff, MultiMedia Dental Systems, Inc. Except as otherwise indicated, I make this Affidavit on my own personal knowledge pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and Local Rule 7.1(e) of the Rules of the United States District Court for the Northern District of New York.

2. As explained more fully in MultiMedia Dental Systems, Inc.'s ("MMD") Motion and supporting documents, MMD and the Counterclaim Defendant both market digital x-ray and dental imaging software solutions. MMD's MediaDent® Digital Imaging v. 4.5 software, ("MediaDent D.I.") is protected under Copyright Certificate No. TX-6-159-013 issued March 4, 2005. As described in the Declaration of James E. Oswell, Jr., MMD has recently confirmed that Counterclaim Defendants' product, CADI v. 4 ("CADI"), infringes on the source code of the MediaDent D.I. software in violation of 17 U.S.C. § 701.

3. As shown by the Declaration of Robert Scott McLaughlin, MMD originally acquired the rights to the MediaDent D.I. software at a cost of $1,125,000. In addition to its initially

investment, MMD has expended significant amounts of time and money to improve and upgrade the software and to market and develop the brand.

4. Beginning February 22 to 25, 2007 the Chicago Dental Society will present its 142nd Mid Winter Meeting. This meeting is one of the largest dental exhibitions in the United States. Attached as Exhibit I is promotional material published by the Chicago Dental Society concerning its Mid Winter Meeting. Attached as Exhibit II is a list of the firms who have registered to exhibit at the Mid Winter Meeting which shows that Counterclaim Defendant Synca Direct is exhibiting at Booth No. 1652.

5. Promotion of the CADI software by Counterclaim Defendant Synca Direct will cause irreparable harm to MMD and through the impairment of it original and subsequent investments in acquiring, improving, and marketing of the MediaDent D.I. software, and that activity will also cause confusion in the marketplace as to the source and ownership of the software.

6. In light of the advance notice and response periods and the regularly scheduled hearing dates in this Court as set forth in the Local Rules, there appears to be a high probability that MMD's Motion for Temporary Restraining Order and Preliminary Injunctive Relief will not be heard until after the Chicago Dental Society's Mid Winter Meeting has taken place and the damage threatened by the exhibition of the CADI product by Synca Direct will already have occurred. Accordingly, MMD seeks to have its Motion for Injunctive Relief heard pursuant to an Order to Show Cause.

FURTHER AFFIANT SAITH NOT.

_____
Gregory J. Digel

Sworn to and subscribed before
me this 5th of January, 2007.

_____
Notary Public
My Commission Expires: _____

[Notary Seal: Deborah Pitt, Notary Public, Cherokee County, Georgia, Expires July 27, 2007]

# 4281705_v1

- 3 -