UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                    :
SYNCA DIRECT, INC.,                                 :
                                                    :
        Plaintiff and                               :
        Counterclaim-Defendant,                     :
                                                    :
              vs.                                    :
                                                    :
MULTIMEDIA DENTAL SYSTEMS, INC.,                    :
                                                    :
        Defendant and                               :        Index No. 06-CV-1263
        Counterclaim-Plaintiff,                     :             LEK/DRH
                                                    :
              vs.                                    :
                                                    :
SYNCA, and JOHN DOES 1-5,                           :
                                                    :
        Additional                                  :
        Counterclaim-Defendants.                    :
                                                    :
                                                    :
-------------------------------------------------------------x


## REPLY BRIEF OF MULTIMEDIA DENTAL SYSTEMS, INC. IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

In its opposition to the motion for a preliminary injunction filed by MultiMedia Dental Systems, Inc. ("MMD"), counterclaim-defendant Synca Direct, Inc. ("Synca") admits or fails to contest virtually all of the relevant facts that entitle MMD to an injunction. For instance, Synca either admits or does not meaningfully dispute that:

- MMD holds a registered copyright, Certificate of Registration No. TX-6-159-013, that covers the MediaDent Digital Imaging (MediaDent D.I.);

- MMD obtained the rights to MediaDent D.I. from the software's developer, Garrett Martens, at the cost of $1,250,000 by virtue of a Software Sale, Purchase and Exclusive Licensing Agreement ("Martens Agreement") dated as of December 24, 2000. (Affidavit of Raymond Monette ¶ 2(a) and 3; Declaration of Robert Scott McLaughlin ¶ 2 and Exhibit I);

- the Martens Agreement granted MMD the rights to the then-existing version of the MediaDent software but also "any and all versions of any kind, past, present and/or future . . . of the MediaDent software. . . and all related technology including, but not limited to, any upgrades of the MediaDent software from any source as well as any of its past, present and/or future. . . versions." (McLaughlin Decl. Ex. I ¶ (1));

- the Martens Agreement provided "that any software which uses MediaDent as a front end and/or uses MediaDent as a source code in any way is subject to this Agreement. . . ." (*Id.*);

- the Martens Agreement required Martens to "deposit with an escrow agent . . . the source code for any and all software of any kind applicable to the terms and conditions of this Agreement, including, but not limited to, any subsequent upgrades or changes. . . ." (McLaughlin Declaration Exhibit I ¶ 3; Monette Affidavit ¶ 2(b));

- 2 -

- the Martens Agreement provided that in the event Martens defaulted under the Agreement, "the escrow agent shall immediately deliver to MMD all escrow materials, revisions, additions, source code keys and all other information contained in escrow and *it shall immediately become the sole property of MMD, without recourse to the seller and all right, title and interest shall vest in MMD*" (McLaughlin Declaration Exhibit I ¶ 9 (emphasis added));

- the person through whom Synca claims rights in the MediaDent software, Michel Vannoye, purported to acquire rights in the software over two years *after* Garrett Martens granted MMD a perpetual, exclusive, unconditional and irrevocable license of the then existing MediaDent software and "any and all versions of any kind, past, present and/or future" thereof (Compare McLaughlin Declaration Exhibit I to Monette Affidavit ¶ 2(d));

- Synca entered into the Agreement under which it claims a right to the MediaDent software[1] three months *after* the United States Copyright Office issued Certificate of Registration No. TX-6-159-013 to MMD covering the MediaDent v. 4 software (Compare McLaughlin Declaration Exhibit I to Monette Affidavit ¶ 2(h)); and

- The source code used for Synca's CADI product is identical to or closely derived from MMD's copyrighted MediaDent D.I. software (Declaration of James E. Oswell, Jr. and Exhibits thereto).

These undisputed facts establish conclusively that MMD owns a registered copyright in the MediaDent D.I. software and that Synca's CADI product infringes. The analysis can stop there: MMD is entitled to an injunction.

---

[1]    The cost to Counterclaim Defendant for this "license" is between $99 and $1200 per unit for each sublicense it issues. (Monette Affidavit, Ex. C, Art VI, Annex A.)

Because Synca cannot dispute these critical facts, it throws up a cloud of irrelevant and inadmissible "facts." It submits the Declaration of Raymond Monette, the principal of Synca, which presents unsworn (and at least insofar as the service copies are concerned, untranslated) statements from Vannoye and deTracy, two individuals through which Synca claims that it acquired rights in the software. In his declaration -- which, tellingly, is made "upon information and belief" -- Monette tells the Court that (i) a Belgian corporation, not present in Court, allegedly told Monette that (ii) Vannoye, a resident of France also not in Court, allegedly told the Belgian corporation that (iii) Vannoye allegedly acquired rights in certain software which (iv) Martens, the software developer, also not present in Court, allegedly said that he, Martens, could grant. This explanation, comprised of hearsay layered higher than most wedding cakes, is entitled to absolutely no weight.

But even if this Court were inclined to consider Monette's explanation, it is entirely insufficient to prevent an injunction from entering. MediaDent has established, and Synca does not dispute, that MediaDent holds a certificate of registration covering the MediaDent D.I. software; this showing is sufficient for the entry of an injunction. *Fonar Corp. v. Domenick*, 105 F.3d 99, 103 (2d Cir. 1997). Although Monette apparently seeks to establish that Synca believed in good faith that it had purchased rights in the MediaDent software, such a defense is futile. "Simply put, there is no such thing as a bona fide purchase for value in copyright law." *ISC-Bunker Ramo Corp. v. Altech, Inc.*, 65 F.Supp. 1310, 1331 (N.D. Ill. 1990) (citing *Major League Baseball Promotion v. Colour-Tex, Inc.,* 729 F.Supp. 1035, 1042 (D.J. 1990) and *American Int'l Pictures, Inc. v. Foreman,* 576 F.2d 661, 664 (5th Cir.1978); *accord Microsoft Corp. v. Harmony Computers & Electronics*, 846 F.Supp. 208, 211 (E.D.N.Y. 1994) ("good faith is no defense against liability for copyright infringement"). "Even an innocent infringer is liable for

infringement. Under [17 U.S.C.] § 501(a) intent or knowledge is not an element of infringement." *Fitzgerald Publishing Co., Inc. v. Baylor Publishing Co., Inc.,* 807 F.2d 1110, 1113 (2d Cir. 1986).

This is not to say that Synca and Monette were innocent purchasers acting in good faith. To the contrary, the undisputed evidence shows that Synca and Monette purported to acquire the "rights" to the software (i) after entering an agreement with MMD in which they acknowledged MMD's ownership of the MediaDent software (McLaughlin Affidavit ¶ 5, in Exhibit II ¶ 5); (ii) after their relationship with MediaDent had been terminated, (iii) at a time when they had actual knowledge of MMD's ownership of the software, (iv) after the registration of MMD's copyright, which made MMD's ownership of the rights in the software a matter of public record;[2] and (v) without making any apparent effort to verify the representations made by the grantors. Assuming that de Tracy, Vannoye, Image Level, and the other people and entities involved in Synca's putative chain of title actually did make the representations that Synca now claims, it has its recourse in a claim for indemnification against them. But Synca's protestations of innocence are no defense to MMD's uncontroverted showing of infringement.

Synca has known for almost two years that MMD claims the exclusive rights to the MediaDent D.I. software and source code and that MMD was demanding that Synca cease infringing its intellectual property rights (Gregory J. Digel Declaration ¶ 3, Ex. I.) Synca filed its Complaint in this Court three months ago alleging that its software "is an original work. . . in no way infring[ing] on any of [MMD's] protected rights." Synca also alleged in its Complaint that it "relied upon written representations of the creator/owner of the software that it was independently developed." (Complaint ¶¶ 11 and 12.) In correspondence dated December 18,

---

[2] Under Section 205(c) of the Copyright Act, 17 U.S.C. § 205(c), recording a document with the copyright office "gives all persons constructive notice of the facts stated in the recorded document."

2006, Synca admitted its defense would be based on a contention that MMD "does not have the legal right to use the software. . . ." (Digel Decl. ¶ 7; Ex. VI.).

Yet, now that it is time to provide proof to support its conclusory assertions, Synca has suddenly discovered that "critical" witness are located in Europe and can "testify" only via unsworn, unauthenticated, untranslated writings. Synca's failure to obtain admissible evidence on a claim it has been aware of for two years is not an excuse to deny MMD the relief it is due -- especially since the evidence would not make out a cognizable defense to Synca's proven (and tacitly admitted) infringement.

Based on Synca's admissions and failure to produce any probative evidence to contradict the facts underlying MMD's claim for relief, MMD's respectfully requests that the Court enter a preliminary injunction substantially in the form set forth in the Proposed Order to Show Cause with Temporary Restraints originally filed by MMD on January 11, 2007.

Respectfully submitted, this 17th day of January, 2007.

HOLLAND & KNIGHT LLP

By: _____
James V. Marks
Bar No. 513143
195 Broadway, 24th Floor
New York, NY 10007

- 6 -

Of Counsel:

Gregory J. Digel
One Atlantic Center, Suite 2000
1201 West Peachtree Street, N.E.
Atlanta, Georgia 30309-3400
(404) 817-3500
(404) 881-0470 (fax)

Edward J. Naughton
10 St. James Avenue
11th Floor
Boston MA 02116
(617) 523-2700
(617) 523-6850 (fax)

for MultiMedia Dental Systems, Inc..
Defendant and Counterclaim Plaintiff

# 4305694_v2