CIVIL CASE MANAGEMENT PLAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------

Synca Direct, Inc.

No. **8:06-C V-1263, LEK/DRH**

VS

Multimedia Dental Systems, Inc.

---------------------------------------------------------

**IT IS HEREBY ORDERED that**, Pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable DAVID R. HOMER, United States Magistrate Judge on **February 28, 2007, at 9:00AM** at the United States Courthouse, Room Number 441, at Albany, New York.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below. That meeting must be attended in person or, if counsel for' the parties are not located in the same city and do not a to meet in person, then by telephone, and must be held at least twenty-one (21) days before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of that meeting, in the format set forth below, must be filed with the clerk within fourteen (14) days after' the date of the Rule 26(f) meeting or not later than ten (10) days prior' to the scheduled Rule 16 conference with the Court, whichever date is earlier. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if the parties disagree):

**1) JOINDER OF PARTIES**: Any application to join any person as a party to this action shall be made on or' before the 31st day of March, 2007.

**2) AMENDMENT OF PLEADINGS**: Any application to amend the pleadings to this action shall be made on or' before the 31st day of March, 2007.

**3) DISCOVERY**: All discovery in this action shall be completed on or before the 30th day of June, 2007. **(Discovery time table is to be based on the complexity of the action)** For Plaintiff: Subject to an extension, due to witness location outside of North America, which Plaintiff believes will be likely and will take until at least December 31, 2007. For Defendant: Defendant believes discovery should be completed by August 10, 2007.

**4) MOTIONS**: All motions, including discovery motions, shall be made on or before the 15th day of September, 2007 or within 60 days of the completion of discovery, whichever is later **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL**: The action will be ready to proceed to trial on or before the latter of the 2nd day of, January, 2008, or 60 days following the completion of extended discovery or a decision on any dispositive motions. It is anticipated that the trial will take approximately 5 days to complete. The parties request that the trial be held

in Albany, NY. (The proposed date for the commencement of trial must be within 18 months of the filing date).

**6) HAVE THE PARTIES FILED A JURY DEMAND:** __X_(YES) / ____(NO).

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?:** The parties believe the Court has subject matter jurisdiction and are subject to the Court's jurisdiction. The additional Counterclaim Defendant, Synca Candada, has not been served, but MMD has initiated procedures to serve it pursuant to the Hague Convention. John Does 1-5 will be served promptly after they have been identified.

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?:** Plaintiff claims the right to use and sell certain software (known as CADI), pursuant to certain agreements it entered into in good faith with third parties and Plaintiff asserts were improperly obtained by Defendants.

Complaint: MMD contends the Plaintiff's Complaint presents no actual, justiciable controversy. Plaintiff and Counterclaim Defendant has already sold and marketed software which infringes on MultiMedia Dental Systems, Inc.'s ("MMD") MediaDent v.4 software in violation of the copyright laws. Rather than seeking guidance as to future conduct, Plaintiff and Counterclaim Defendant is seeking retroactive approval for its past misconduct. To the extent the Plaintiff is seeking equitable relief, MMD contends such claims are barred by the doctrine of unclean hands based upon the Plaintiff and Counterclaim Defendant's willful infringement of MMD's copyrighted software.

Counterclaim: MMD owns the exclusive rights to MediaDent v.4 software, a digital x-ray and dental imaging system. MMD has received a copyright on the Media Dent software from the United States Copyright office, the same being Registration No. TX6-159-013. The Counterclaim Defendants have willfully infringed on MMD's copyrighted software by marketing and selling their CADI product. Under Count I of its Counterclaim, MMD seeks a permanent injunction and recovery of its attorneys' fees and costs in this action. Under Count II, MMD seeks monetary damages for common law unfair competition. Under Count III, MMD seeks to impose a constructive trust upon the illegal profits of the Counterclaim Defendants. Under Count IV, MMD seeks an accounting for all profits derived by the Counterclaim Defendants from the willful infringement of MMD's copyrighted software.

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?:**
By Plaintiff:
    a. Does the software being sold by either party violate/infringe on the others copyright?
    b. Do the parties have valid and controllable ownership licenses to use and sell this software?
By Defendant:
    The only issue genuinely in dispute is the amount of damages which MMD is entitled to recover from the Counterclaim Defendants.

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?:**

By Plaintiff: Prior to discovery, Plaintiff is unable to determine if agreements can be reached or if motions can narrow the issues.

By Defendant: The only issue genuinely in dispute is the amount of damages which MMD is entitled to recover from the Counterclaim Defendants.

**11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?:**

By Plaintiff: Plaintiff seeks a declaratory judgment that it has the right to use the CADI software and that CADI software has not violate nor infringe in any way the Media Dent software for sale by Defendants.

By Defendant: MMD seeks to have the Court's preliminary injunction dated January 31, 2007, made permanent. MMD seeks an accounting of the profits derived by the Counterclaim Defendants from the willful infringement of its copyrighted software and to impose a constructive trust on said profits for the benefit of MMD. MMD seeks to recover such other and further damages to which it is entitled pursuant to 17 U.S.C. Section 504(b) and (c)(2) and applicable common law. MMD also seeks to recover its reasonable attorneys' fees and costs incurred in connection with this litigation.

**12) DISCOVERY PLAN:**

**A. What changes (if any) should be made to the disclosure requirements under Rule 26(a), as well as to the limitations on discovery set forth in the Federal Rules of Civil Procedure, as amended?** None

**B. When will the mandatory disclosures required under Rule 26(a)(1) be made, or when were they made?:**

For Plaintiff: Rule 26 requires disclosure to be made 14 days after Rule 26 Conference.

For Defendant: Mandatory disclosures should be made on or before March 2, 2007.

**C. Describe the timetable for discovery, identify the subjects to be addressed, state whether discovery should be conducted in phases, and discuss why there are no less costly and time consuming alternative methods available to obtain the same information:**

For Plaintiff: A review of each party's source code to determine if the software of each infringes upon the other. A determination of the validity of each party's right to possess, use and sell this software.

For Defendant: Fact discovery shall be completed on or before June 15, 2007. If either party intends to present expert testimony, expert disclosures shall be made on or before June 15, 2007; Expert reports shall be exchanged on or before July 13, 2007; Depositions of expert witnesses shall be concluded on or before August 10, 2007. MMD has propounded interrogatories and requests for production. Depending upon the responses thereto, MMD may wish to depose witnesses and may propound requests for admissions.

**D. What forms of discovery does each party intend to pursue?:**

For Plaintiff: Plaintiff will seek documents and testimony.

For Defendant: MMD has propounded interrogatories and requests for production. Depending upon the responses thereto, MMD may wish to depose witnesses and may propound requests for admissions.

**E. Are any protective orders required or requested under Fed. R. Civ. P. 26(c)?:**

For Plaintiff: A protective order will need to be developed and utilized.

For Defendant: The parties believe that a protective order is required to deal with trade secrets and confidential business information, and MMD has delivered a proposed form of such an order to the Plaintiff and Counterclaim Defendant for review and comment.

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?:** The parties cannot determine at this time.

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?:** No.

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?:** Not Applicable

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT?** Please circle below the prospect for settlement: 5

1------2------3------4------5------6------7------8------9------10
(VERY UNLIKELY) → → → → → → → → → → → → (LIKELY)

CANNOT BE EVALUATED PRIOR TO _____(DATE)

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

***COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE. THE PROGRAMS LISTED BELOW ARE COURT-ANNEXED AND NON-BINDING.***

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING CONTRACT, TORT, OR NON-PRISONER CIVIL RIGHTS ACTION, PLEASE SELECT THE PREFERRED ADR METHOD.**

__X__         ARBITRATION

   _____    MEDIATION

   _____    EARLY NEUTRAL EVALUATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on _____ at by phone and was attended by:

William L. Owens, Esq. for plaintiff(s)

Gregory J. Digel, Esq. for defendant(s) MultiMedia Dental Systems, Inc.

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

***Please detach this case management plan form and return the completed form to the clerk for filing at least ten (10) days in advance of the conference date.***