# Holland+Knight

Tel 404 817 8500
Fax 404 881 0470

Holland & Knight LLP
One Atlantic Center, Suite 2000
1201 West Peachtree Street, N.E.
Atlanta, GA 30309-3453
www.hklaw.com

April 2, 2007

Gregory J. Digel
404 898 8120
greg.digel@hklaw.com

Hon. David R. Homer
Magistrate Judge, U.S. District Court
 Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 509
Albany, NY 12207

   Re:   *Synca Direct, Inc. v. MultiMedia Dental Systems, Inc.*;
         U.S. Dist. Ct. No. Dist., NY Civil Action No. 8:06-CV-01263-LEK-DRH

Dear Judge Homer:

   I write to respond to Plaintiff's counsel's letter of March 30, 2007. If the Court treats Plaintiff's letter as a Motion to add new parties, it is untimely since, if Plaintiff's suppliers belong in this case at all, they should have been named as defendants in the original complaint filed five months ago. Even if the Court decides to allow the untimely amendment, Plaintiff cannot be permitted to unilaterally stay the discovery schedule to which it agreed on February 28, 2007. Our client, MMD, is entitled to full and prompt production of documents responsive to Defendant's First Request for Production, full and complete answers to Defendant's First Interrogatories, and Plaintiff's initial discovery mandated by the Federal Rules of Civil Procedure, all of which are now past due.

   Plaintiff proposes to file an Amended Complaint "dramatically different" than the original. Plaintiff states the proposed Amended Complaint "will alter substantially the nature and scope of discovery. . .." Yet the procedural and substantive allegations involving Plaintiff Defendant are essentially unchanged in the proposed Amended Complaint, and therefore the proposed amendment has no impact whatsoever on the pending discovery.

Hon. David R. Homer
April 2, 2007
Page 2

      In its original Complaint, Plaintiff alleged that it markets and sells a dental imaging software system which is an original work and which does not infringe on MMD's copyrighted MediaDent v4.5 dental imaging software. Plaintiff alleged in its original Complaint that it relied upon written representations of the creator/owners of the CADI software that it was independently developed. Plaintiff alleged in its original Complaint that it needed a declaratory judgment that its software did not infringe on MMD's copyrighted software and that it had no adequate remedy at law. Finally, Plaintiff alleged that MMD had "made statements in the market place that the [CADI] software infringe[d] on certain protected rights of Defendant," and as an example, Plaintiff attached a copy of a June 28, 2006, letter from counsel for MMD to Video Dental Concepts.

      Each of these allegations appears, either verbatim, or with minor modification and elaboration, in the proposed Amended Complaint. Even the Exhibit is the same. In fact, as between Plaintiff and Defendant, the only changes are (1) the identification of the parties originally referred to as simply "the creator/owner" of the CADI software, (2) augmentation of the claim that Plaintiff has no adequate remedy at law with claims for money damages, and (3) the preposterous allegation that the preliminary injunction to which Plaintiff <u>conceded</u> MMD was entitled, is now somehow "improper and illegal."

      On February 9, 2007, MMD served its First Interrogatories and Request for Production. (See Exhibits A and B attached hereto.) This discovery sought information concerning Plaintiff's sales, revenues, and profits. It asks Plaintiff to state facts concerning allegations that CADI software is an original work and asks for documents supporting that allegation. In short, the discovery propounded by MMD, and ignored by Plaintiff, remains relevant to the issues between Plaintiff and MMD. In fact, in light of the suddenly-discovered claim for damages, the discovery is, if anything, even more relevant.

      Plaintiff's other stated reason for trying to dodge valid discovery, "We have not at this time executed a Confidentiality Stipulation," is perhaps the least availing of all proffered excuses. On February 9, 2007, in order to facilitate the prompt responses to discovery, MMD prepared and transmitted to Plaintiff a proposed Confidentiality Order, a copy of which is attached hereto as Exhibit C. In the intervening seven weeks, Plaintiff has neither signed the Order nor proposed even the slightest modification.

      Having initiated this litigation, Plaintiff has exhibited an unusual reluctance to prosecute it. Having consented to an injunction, Plaintiff has shown little or no interest in bringing the matter to a final resolution which suggests (1) Plaintiff

Hon. David R. Homer
April 2, 2007
Page 3

recognizes it cannot prove the allegations of the proposed Amended Complaint and (2) it may be exhibiting the same cavalier disregard toward compliance with the injunction that it has exhibited towards its discovery obligations. Plaintiff seems intent on pursuing a war of attrition. It is respectfully submitted that these tactics should not be continenced. The Court should not permit Plaintiff to needlessly delay and expand this litigation by the addition of parties of whom Plaintiff was well aware when it filed its Complaint. In any event, since Plaintiff's proposed amendment will have no bearing whatsoever on the issues between Plaintiff and MMD, Plaintiff must not be permitted to hide information at the heart of its claims and MMD's counterclaims.

I understand from Ms. Hennessy that a conference call has been scheduled for Thursday at 10:30. I shall be prepared to address these points at that time.

Very truly yours,

Gregory J. Digel

GJD/aml
cc:   William L. Owens, w/encls. (via fax and 1st Class Mail and e-mail)
      James V. Marks, Esq. w/encls. (via e-mail)
      Edward J. Naughton, Esq. w/encls. (via e-mail)
      John M. Hamrick, Esq. w/o encls. (via e-mail)

# 4458461_v1