# EXHIBIT C

# Holland+Knight

Tel 404 817 8500
Fax 404 881 0470

Holland & Knight LLP
One Atlantic Center, Suite 2000
1201 West Peachtree Street, N.E.
Atlanta, GA 30309-3453
www.hklaw.com

February 9, 2007

John M. Hamrick
404 898 8111
john.hamrick@hklaw.com

*Via Federal Express*

William L. Owens, Esq.
Stafford, Owens, Curtin & Trombley PLLC
One Cumberland Avenue
P.O. Box 2947
Plattsburgh, NY 12901

Re: *Synca Direct, Inc. v. MultiMedia Dental Systems, Inc.*;
U.S. Dist. Ct. No. Dist., New York Civil Action No. 06-CV-1263-LEK/DRH

Dear Mr. Owens:

Enclosed please find Defendant and Counterclaim Plaintiff's First Set of Interrogatories and Request for Production of Documents to Synca Direct, Inc. Also enclosed is a proposed protective order, which we believe will facilitate discovery and the production of documents and information. We welcome your immediate comments regarding the protective order.

Very truly yours,

HOLLAND & KNIGHT LLP

*[signature]*

John M. Hamrick

JMH/aml
Enclosures
cc: Gregory J. Digel, Esq. (via e-mail)
   James V. Marks, Esq. (via e-mail)
   Edward J. Naughton, Esq. (via e-mail)

# 4355157_v1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x
SYNCA DIRECT, INC.,
    Plaintiff and
    Counterclaim-Defendant,

vs.

MULTIMEDIA DENTAL SYSTEMS, INC.,
    Defendant and
    Counterclaim-Plaintiff,

vs.

SYNCA, and JOHN DOES 1-5,
    Additional
    Counterclaim-Defendants.
----------------------------------------------------------x

Index No. 06-CV-1263
LEK/DRH

**STIPULATED ORDER
FOR THE PROTECTION OF
CONFIDENTIAL INFORMATION**

    Plaintiff/counterclaim-defendant Synca Direct, Inc. ("Synca Direct") and defendant/counterclaim-plaintiff Multimedia Dental Systems ("MMD") by their authorized attorneys hereby stipulate and agree as follows:

    WHEREAS, the proceedings in this action may involve the production or disclosure of confidential, proprietary, and competitively sensitive business information and trade secrets; and

    WHEREAS, the parties are in agreement that the following Protective Order shall govern the production, disclosure, and use of such information during the course of this action in order to ensure the continued confidentiality of such information and to ensure that no competitive advantage is obtained by any person as a result of its disclosure, upon the following conditions and safeguards;

IT IS HEREBY ORDERED that:

1. <u>SCOPE.</u>

This Stipulated Order for the Protection of Confidential Information ("Order") shall be applicable to and govern any and all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as all documents produced by either party in response to informal discovery requests, testimony adduced at trial, matters in evidence, and computerized records that the disclosing party (the "Disclosing Party") designates as "Confidential Information" or "Highly Confidential Information" in accordance with the terms of this Order. Such information shall not include information that at, or prior to, disclosure to the party receiving the information (the "Receiving Party") is known to or independently developed by the Receiving Party or is public knowledge or becomes available to the public without violation of this Order; that, after disclosure, is revealed to the public by a person having the unrestricted right to do so; or that is acquired by the Receiving Party from a third party which lawfully possesses the information and/or owes no duty of nondisclosure to the Disclosing Party.

The provisions of this Order also shall apply to any non-party who provides testimony, documents or information in these proceedings. Reference to a "party" or "parties" herein shall also include such non-parties. Nothing herein shall be deemed an admission by any party that anything addressed herein is relevant to this proceeding or any other proceeding.

# 4347821_v2

2

2. DEFINITIONS.

(a) For the purpose of this Order, a Disclosing Party may designate as "Confidential Information" only non-public testimony, information, documents, and data that the party in good faith reasonably believes contains trade secret or other confidential, proprietary, or competitively sensitive information that it uses in or in connection with its business, and which the Disclosing Party takes appropriate efforts to keep confidential or is otherwise required to keep confidential by agreement or law.

(b) A Disclosing Party may designate as "Highly Confidential Information" any Confidential Information (including, but not limited to, software code and related documents and data) that the party in good faith reasonably believes contains trade secret or other confidential, proprietary, or competitively sensitive information that is so highly sensitive that it must be protected from disclosure to the parties themselves in this litigation.

3. NOTICE OF DESIGNATION.

(a) Confidential Information shall be designated as follows:

(i) In the case of records, documents, interrogatory answers, responses to requests for admissions, and other written discovery, by stamping the legend "Confidential" prior to their production. Stamping such a legend on the cover of any multi-page document shall so designate all pages of such document, unless otherwise indicated by the Disclosing Party. Documents to be inspected shall be treated as Confidential during inspection.

(b) In the case of deposition or trial testimony, designation of the portion of the transcript (including exhibits) that contains Confidential Information shall be made by a statement to such effect on the record in the course of the deposition or, upon review of

such transcript by counsel for the party to whose Confidential Information the deponent has had access, said counsel shall designate in writing to the other party within twenty-one (21) days after counsel's receipt of the transcript. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed Confidential Information; if no designation is made within twenty-one (21) days after receipt of the transcript, the transcript shall be considered not to contain any information that is Confidential Information. The pages of the transcript which contain Confidential Information and the numbers (but not the descriptions) of the confidential deposition exhibits shall be appropriately noted on the front of the deposition transcript and the entire transcript shall be marked as being confidential information. However, only those portions of the transcript and exhibits noted on the front of the transcript need to be treated as Confidential Information as appropriate.

(b)     Highly Confidential Information shall be designated as follows:

(i)     In the case of documents, by stamping the legend "Highly Confidential" on the documents prior to their production. Stamping such a legend on the cover of any multi-page document shall so designate all pages of such document, unless otherwise indicated by the disclosing party. Documents to be inspected shall be treated as Highly Confidential during inspection.

(ii)    In the case of deposition testimony or testimony during a hearing, if transcribed, a party shall designate the portion of the transcript (including exhibits) that contains Highly Confidential Information by making a statement to such effect on the record during the course of the deposition or hearing, or by providing such a designation

in writing within twenty-one (21) days after receiving such transcript. If no designation is made within twenty-one (21) days after receipt of the transcript, the transcript shall be considered not to contain any Highly Confidential Information.

(iii)   In the case of software code that is produced or exchanged in a digital format, by stamping the legend "Highly Confidential" on the medium on which the software code is produced or exchanged (i.e., CD cover or label).

(iv)   In the case of software code that is produced or exchanged in written form, by stamping the legend "Highly Confidential" on the documents prior to their production. Stamping such a legend on the cover of any multi-page document shall so designate all pages of such document, unless otherwise indicated by the disclosing party.

4.   <u>LIMITATIONS ON USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION.</u>

(a)   Confidential Information shall be used solely for the purpose of this action and not for any business or other purpose whatsoever. Confidential Information shall not be shown, communicated, paraphrased, summarized or disclosed, in whole or in part or in any manner whatsoever, except by prior written consent of the Disclosing Party or by further order of the Court in accordance with the procedures of this paragraph, except as provided in this Order.

(b)   Confidential Information, except for Highly Confidential Information, shall be disclosed only to:

(i)   the parties' counsel of record in this proceeding and the colleagues and employees of such attorneys who are actively engaged in assisting counsel in this action;

(ii)   independent experts not affiliated with a party who have been separately retained by the party and/or the party's counsel of record for purposes of this action,

provided however that no person who has participated in the development or distribution of the products at issue, nor any person engaged in the business of developing or distributing software specific to the dental profession may be designated as an independent expert who may have access to Highly Confidential material, subject to the provisions of paragraph 5 herein;

    (iii) the parties and their employees who are actively involved in this litigation;

    (iv) any witnesses who appear for deposition or hearings in this matter, during the course of their testimony, after the witness has been advised of the need to keep the information confidential and who agree to be bound by the terms of this Order;

    (v) certified court reporters taking testimony in connection with depositions concerning such Confidential Information; and

    (vi) the Court, provided that any document that contains or refers to Confidential Information shall be filed under seal, after complying with the local rules of the Court, in envelopes prominently marked with the caption of this action, the title of the document or other description identifying the material filed, and the following notation:

> **THIS DOCUMENT IS FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER. IT CONTAINS CONFIDENTIAL INFORMATION AND SHALL BE OPENED ONLY AS DIRECTED BY THE COURT.**

(c) Highly Confidential information shall be disclosed only to

    (i) the parties' attorneys of record in this proceeding and the colleagues and employees of such attorneys who are actively engaged in assisting counsel in this action;

(ii) independent experts not affiliated with a party who have been separately retained by the party and/or the party's attorneys of record for purposes of this action, subject to the provisions of paragraph 5 herein;

(iii) witnesses who appear for deposition or hearings in this matter, during the course of their testimony, provided that such disclosure is relevant and reasonably necessary to their testimony, and only after such witness has been advised of the need to keep the information confidential and agrees to be bound by the terms of this Order;

(iv) certified court reporters taking deposition testimony involving such Highly Confidential Information; and

(v) the Court, provided that any document that contains or refers to Confidential Information shall be filed under seal, after complying with the local rules of the Court, in envelopes prominently marked with the caption of this action, the title of the document or other description identifying the material filed, and the following notation:

> **THIS DOCUMENT IS FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER. IT CONTAINS CONFIDENTIAL INFORMATION AND SHALL BE OPENED ONLY AS DIRECTED BY THE COURT.**

(d) Any party who seeks leave to disclose Confidential Information or Highly Confidential Information to a person or category of persons not listed above must do so by written motion submitted to the Court. The party seeking such leave bears the burden of showing (i) that there is good cause for the disclosure of Confidential Information to such person or category of persons, and (ii) that the need for disclosure outweighs the risk of prejudice to the Disclosing Party. In the event that the Court finds that such a showing has been made, it may grant the motion, provided that the person or persons have executed the acknowledgement of the

terms of this Order in the form attached hereto before any Confidential Information is disclosed to them. No receiving party shall be permitted to disclose any Highly Confidential Information to a person or category of persons not listed in Section 4(c), above, except with the prior written consent of the Disclosing Party, or by order of the Court upon written motion as described above.

5. <u>TERMS OF DISCLOSURE FOR EXPERTS.</u>

Before any Confidential Information is shown, disclosed or otherwise communicated to any person referenced in paragraph 4(b)(ii) or 4(b)(iii), such person shall be provided with a copy of this Order and such person shall execute a written Certification in the form attached hereto as <u>Appendix A</u>, which Certification shall acknowledge that such person (a) has received a copy of this Order, (b) is familiar with the provisions of it, (c) agrees to be bound by it, (d) agrees not to copy or to use any Confidential Information for any purpose other than in connection with the above-captioned action, and (e) agrees not to reveal any or all such Confidential Information to any person not authorized by this Order. A copy of the Certification, as executed by such person, shall be maintained by counsel for the receiving party and shall be available for inspection by the Panel or counsel for the disclosing party upon request.

Before any Highly Confidential Information is shown, disclosed or otherwise communicated to any person referenced in paragraph 4(c)(ii) or 4(c)(iii), such person shall be provided with a copy of this Order and such person shall execute a written Certification in the form attached hereto as <u>Appendix A</u>, which Certification shall acknowledge that such person (a) has received a copy of this Order, (b) is familiar with the provisions of it, (c) agrees to be bound by it, (d) agrees not to copy or to use any Highly Confidential Information for any purpose other than in connection with the above-captioned action, and (e) agrees not to reveal any or all such Highly Confidential Information to any person not authorized by this Order. A copy of the

# 4347821_v2

8

Certification, as executed by such person, shall be maintained by counsel for the Receiving Party and shall be available for inspection by counsel for the Disclosing Party upon request.

6. COPYING AND ABSTRACTING CONFIDENTIAL INFORMATION.

(a) Nothing in this Order shall restrict a qualified recipient from making working copies, abstracts, digests, and analyses of Confidential Information or Highly Confidential Information (but not Highly Confidential Information, except as provided in paragraph 6(b), below) for use in connection with the above-captioned action. Such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection as the information from which they were taken.

(b) Notwithstanding paragraph 6(a), a qualified recipient shall make no more than one working copy of Highly Confidential Information in connection with the analysis of such Highly Confidential Information solely for purposes of this litigation. Any such analyses shall be deemed and treated as Highly Confidential Information, in accordance with the restrictions in paragraphs 4(c), 5, and 8(b). A qualified recipient under paragraph 4(c)(ii) may provide his or her analyses of the Highly Confidential Information in an expert report prepared for purposes of this action, provided that any analyses contained in such a report shall be deemed and treated as Highly Confidential Information, in accordance with the restrictions in paragraphs 4(c), 5, and 8(b).

7. USE OF CONFIDENTIAL INFORMATION DURING HEARINGS AND TRIAL.

Upon motion of a party, the Court may institute such further procedures as may be necessary or convenient to protect Confidential Information from disclosure during hearings or trial in this matter.

8. **MAINTENANCE AND DISPOSITION OF CONFIDENTIAL INFORMATION.**

(a) The Receiving Party shall maintain Confidential Information in a secure, safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own confidential and proprietary information. Any originals or copies of same (other than copies of exhibits or records filed with the Court) shall be returned to the disclosing party upon request or shall be destroyed within thirty (30) days after this action is concluded, and shall not be retained by any other person, with the exception of materials which in the judgment of counsel in possession of such materials are work product materials, as to which those attorneys will take reasonable steps to ensure the continued protection of Confidential Information contained therein. Upon request, counsel shall certify in writing that all such Confidential Information has been properly returned, destroyed or otherwise protected in accordance with the terms hereof, and that Confidential Information has not been disclosed in violation of this Order, and that there has been full compliance with the terms of this Order.

(b) The Receiving Party shall maintain Highly Confidential Information in a highly secure, safe and restricted area within the offices of its attorneys of record, with access to the Highly Confidential Information restricted to persons qualified to receive such information in accordance with paragraph 4(c)(i) and (ii). If provided in electronic form, such Highly Confidential Information shall be maintained upon a password-protected computer access to which computer is restricted to the persons identified in paragraph 4(c)(i) and (ii). No copies shall be made except in accordance with paragraph 6(b). Any originals of the Highly Confidential Information shall be immediately returned to the Disclosing Party upon request or shall be destroyed within seven (7) days after this action is concluded, and shall not be retained by any other person, with the exception of materials which in the judgment of counsel in

# 4347821_v2

possession of such materials are work product materials, as to which those attorneys will take reasonable steps to ensure the continued protection of Highly Confidential Information contained therein. Upon request, counsel shall certify in writing that all such Highly Confidential Information has been properly returned, destroyed or otherwise protected in accordance with the terms hereof, and that the Highly Confidential Information has not been disclosed in violation of this Order, and that there has been full compliance with the terms of this Order.

9. AMENDMENT OF THIS ORDER.

This Order may be amended only by agreement of the parties' attorneys in the form of a written stipulation approved by the Court, or by the Court for good cause shown upon motion by a party and after the non-moving party has had at least fourteen days to respond to such application. The parties' agreement to this Order shall not be deemed a waiver of the right of any party to seek such modification in accordance with this paragraph.

10. SURVIVAL OF TERMS.

The terms and provisions of this Order shall not terminate at the conclusion of this proceeding but rather shall survive the conclusion thereof and shall continue to be binding upon all the parties herein and their directors, officers, agents, employees and counsel, until modified, terminated, or superseded by written consent of the parties and approval of the Court.

11. ENFORCEMENT OF THIS ORDER.

The parties and any person who agrees to be bound by this Order hereby agree that the Court shall have the power to enter appropriate orders to enforce the provisions of this Order, and further agree irrevocably to personal jurisdiction and venue in this Court.

IT IS SO ORDERED.

Entered this _____ day of February, 2007.

                                                                        Lawrence E. Kahn, D.J.

STIPULATED TO BY:

| James V. Marks | [counsel for Synca Direct] |
|---|---|
| Bar No. 513143 | |
| **HOLLAND & KNIGHT LLP** | |
| 195 Broadway, 24th Floor | |
| New York, NY 10007 | |

Gregory J. Digel (*pro hac vice*)
Bar No. 106410
One Atlantic Center, Suite 2000
1201 West Peachtree Street, N.E.
Atlanta, Georgia 30309-3400
(404) 817-3500
(404) 881-0470 (fax)

Edward J. Naughton (*pro hac vice*)
Bar No. 106411
10 St. James Avenue
11th Floor
Boston MA 02116
(617) 523-2700
(617) 523-6850 (fax)

*Counsel for Multimedia Dental Systems, Inc.*

Dated:    February ___, 2007

# 4347821_v2

# APPENDIX A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
SYNCA DIRECT, INC.,
    Plaintiff and
    Counterclaim-Defendant,

vs.

MULTIMEDIA DENTAL SYSTEMS, INC.,
    Defendant and
    Counterclaim-Plaintiff,

vs.

SYNCA, and JOHN DOES 1-5,
    Additional
    Counterclaim-Defendants.
-------------------------------------------------------x

Index No. 06-CV-1263
LEK/DRH

**CERTIFICATION**

1.    I,_____, hereby acknowledge receipt of a copy of the Stipulated Order for the Protection of Confidential Information ("Order") in the above captioned proceeding.

2.    I am familiar with the provisions of the Order and agree to be bound by it.

3.    I agree not to copy or to use any Confidential Information or Highly Confidential Information for any purpose other than in connection with this proceeding, and only in accordance with the terms of the Order. I further agree not to disclose any Confidential Information or Highly Confidential Information to any person not authorized by the Order.

_____    Dated:_____
Name:
Title:
(e.g., Witness/Expert for Plaintiff/Defendant)
# 4347821_v2