# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SYNCA DIRECT, INC., :
    Plaintiff and :  Index No. 06-CV-1263
    Counterclaim-Defendant, :  LEK/DRH
    :
    vs. :
    :
MULTIMEDIA DENTAL SYSTEMS, INC., :  **DEFENDANT AND COUNTER-**
    Defendant and :  **CLAIM PLAINTIFF'S FIRST SET OF**
    Counterclaim-Plaintiff, :  **INTERROGATORIES**
    :
    vs. :
    :
SYNCA, and JOHN DOES 1-5, :
    Additional :
    Counterclaim-Defendants. :
    :
-----------------------------------------------------------x

    COMES NOW Multimedia Dental Systems, Inc. ("MMD"), Defendant and Counterclaim Plaintiff in the above-styled civil action, and pursuant to Fed. R. Civ. P. 26 and 34 hereby serves upon Plaintiff and Counterclaim Defendant its First Set of Interrogatories and requires Plaintiff and Counterclaim Defendant to produce responsive materials at the offices of the Defendant's attorney, Suite 2000, 1201 West Peachtree Street, N.E., Atlanta, Georgia 30309 within the time allowed by law.

### DEFINITIONS AND INSTRUCTIONS

    The Interrogatories that follow are to be interpreted and answered with reference to the following definitions and instructions:

    A.    The term "Synca" shall refer to Plaintiff and Counterclaim Defendant Synca Direct, Inc. and its officers, directors, employees, partners, associates, management personnel, supervisors, permanent and temporary personnel, agents, representatives, parent companies, subsidiaries, predecessors, designees, assignees, affiliated corporations, any entity under

common control with it, and/or any other person representing or purporting to represent it in any capacity.

B.    The terms "person" or "persons" shall refer not only to natural persons, but also, without limitation, to firms, partnerships, corporations, associations, unincorporated associations, organizations, business, trusts, public entities, parent companies, subsidiaries, divisions, departments or other units thereof, and/or any other type of legal entities.

C.    "Communication" shall refer to any exchange or transmission of information in the form of words, facts, ideas, inquiries or otherwise to another person or entity, whether accomplished person to person, by telephone, by fax transmission, in writing, via electronic mail or through another medium, and shall include, but shall not be limited to, discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes, and statements or questions.

D.    "Document" shall mean and include without limitation, any and all letters, correspondence, memoranda, notes, records, papers, tapes, charts, books, letters, statements, logs, drawings, sketches, photographs, contracts, agreements, invoices, order forms, receipts, pamphlets, checks, check stubs, bills, telegrams, reports, studies, handwritten notes, working papers, indexes, telephone messages, e-mails, computer tapes, discs or documents, and any and all written, printed, typed, recorded, transcribed, punched, electronic, taped, filmed or graphic matters of any kind or nature, including all drafts, or reproductions thereof, including the reproduction of any and all oral statements to writing, in the possession, custody or control of the defendant or any of its representatives; different versions of the same document (e.g., copies of a printed document with different handwritten notations) or different documents within the meaning of that term used herein. A draft or non-identical copy is a separate document within

the meaning of this term. This definition is intended to have the broadest possible meaning and to include anything coming within the definition of "writings" and "recordings" set forth in Rule 1001(1) of the Federal Rules of Evidence.

      E.     "Concerning" means referring to, describing, evidencing, or constituting.

      F.     "Identify" in conjunction with a person or individual means to state (a) the individual's full name, (b) the individual's present or last known business and home addresses, (c) the individual's present or last known business and home telephone numbers, (d) the individual's present or last known business affiliation or employer, and (e) the individual's last known job title or position.

      G.     "Identify" in conjunction with an association, organization, corporation, firm, partnership, or other identifiable entity means to state (a) the entity's full name, (b) the entity's present or last known address, (c) the entity's present or last known main telephone number, and (d) the names of the principal individuals with knowledge of the subject matter of the Interrogatory.

      H.     "And/or" shall be interpreted conjunctively in their broadest sense and shall not be interpreted disjunctively to exclude any information otherwise within the scope of the Interrogatory.

## INTERROGATORIES

### INTERROGATORY NO. 1.

Identify all business entities related (currently and/or formerly) to Synca, including predecessors, successors, parent companies, subsidiaries, partners, or entities with common officers or owners, and describe the relation between Synca and such entity.

- 3 -

### INTERROGATORY NO. 2.

Identify all directors, officers, and employees, whether current or former, of Synca.

### INTERROGATORY NO. 3.

Identify all persons or entities who own (directly or beneficially) ten percent (10%) or more of Synca's outstanding shares.

### INTERROGATORY NO. 4.

Identify (including the address and dates of use) all locations (either temporary or permanent) at which Synca advertised, promoted or offered for sale the CADIv4 software.

### INTERROGATORY NO. 5.

Identify all Internet websites (including the address and dates of use) through which Synca has offered or solicited the CADIv4 software.

### INTERROGATORY NO. 6.

Identify all persons with information concerning Synca's acquisition of the CADIv4 source code.

### INTERROGATORY NO. 7.

To the extent not previously identified, identify all efforts to market the CADIv4 software.

### INTERROGATORY NO. 8.

Identify all persons with information concerning Synca's distribution of the CADIv4 software, including its customers.

**INTERROGATORY NO. 9.**

State the total number of units of the CADIv4 software Synca has licensed, distributed, or sold since January 1, 2001.

**INTERROGATORY NO. 10.**

For each unit of CADIv4 software Synca identified in response to Interrogatory No. 9, state the range of prices per unit at which Synca licensed, distributed, or sold the item.

**INTERROGATORY NO. 11.**

State the gross revenue earned by Synca for each year from 2001 to the present from the licensing, distribution, or sale of CADIv4.

**INTERROGATORY NO. 12.**

Identify all facts and documents on which Synca bases the assertions in paragraph 12 of its Reply to MMD's Counterclaim that (a) MMD does not have the right to the copyright in MediaDent D.I., and (b) that CADIv4 does not infringe MMD's copyright in any respect.

**INTERROGATORY NO. 13.**

Identify all facts and documents concerning Synca's defense(s) to MultiMedia's counterclaim of unfair competition.

**INTERROGATORY NO. 14.**

Identify all financial accounts (including the financial institutions, names on the account, and account numbers) that Synca has used to deposit money made from the licensing, distribution, or sale of the CADIv4 software.

**INTERROGATORY NO. 15.**

Identify all facts concerning the assertion in Paragraph 11 of the Complaint that the CADIv4 software is an original work of authorship.

**INTERROGATORY NO. 16.**

Identify any and all documents concerning any written representation from the alleged software creator, as referenced in Paragraph 12 of the Complaint, that the CADIv4 software was independently developed.

**INTERROGATORY NO. 17.**

Describe any and all efforts Synca made to determine whether the CADIv4 software infringed MMD's copyright in MediaDent D.I.

**INTERROGATORY NO. 18.**

Identify any agreement, license, transaction, or document through which Synca claims to have acquired any rights to the CADIv4 software.

**INTERROGATORY NO. 19.**

Identify all versions of the CADI software that Synca has licensed, distributed, or sold since January 1, 2001

**INTERROGATORY NO. 20.**

State the date, location, and name of the sponsoring organization of every dental professional meeting Synca has attended or at which it has exhibited since January 1, 2001.

**INTERROGATORY NO. 21.**

Identify each person, firm, or corporation that Synca has authorized or licensed to sell, license or otherwise distribute CADIv4 in North or South America.

**INTERROGATORY NO. 22.**

Identify all communications in which Synca has participated that concern MediaDent or the MediaDent D.I. software, identifying for each such communication the person(s) with whom Synca communicated, when the communication took place, the manner of the communication, and any documents concerning the communication.

Dated: February 9, 2007

HOLLAND & KNIGHT LLP

By: /s/ Greg Digel
James V. Marks
Bar No. 513143
195 Broadway, 24th Floor
New York, NY 10007

Gregory J. Digel *(pro hac vice)*
Bar No. 106410
One Atlantic Center, Suite 2000
1201 West Peachtree Street, N.E.
Atlanta, Georgia 30309-3400
(404) 817-3500/(404) 881-0470 (fax)

Edward J. Naughton *(pro hac vice)*
Bar No. 106411
10 St. James Avenue
11th Floor
Boston MA 02116
(617) 523-2700/(617) 523-6850 (fax)

Counsel for MultiMedia Dental Systems, Inc. Defendant and Counterclaim Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

---

SYNCA DIRECT, INC.,

       Plaintiff,

~against~

MULTIMEDIA DENTAL SYSTEMS, INC.

       Defendant.

**CERTIFICATE OF SERVICE**

Index No. 06-CV-1263 LEK/DRH

---

I hereby certify that I have served a true and correct copy of the within and foregoing **DEFENDANT AND COUNTER-CLAIM PLAINTIFF'S FIRST SET OF INTERROGATORIES** upon all parties of record by depositing a copy of the same in the United States Mail, postage prepaid, and addressed as follows:

  William L. Owens, Esq.
  Stafford, Owens, Curtin & Trombley, PLLC
  P.O. Box 2947
  Plattsburgh, New York 12901

This 9th day of February, 2007.

                _____
                Counsel for Defendant and Counterclaim Plaintiff

# 4348971_v2