# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
SYNCA DIRECT, INC.,
    Plaintiff and
    Counterclaim-Defendant,

vs.

MULTIMEDIA DENTAL SYSTEMS, INC.,
    Defendant and
    Counterclaim-Plaintiff,

vs.

SYNCA, and JOHN DOES 1-5,
    Additional
    Counterclaim-Defendants.
------------------------------------------------------------x

Index No. 06-CV-1263
LEK/DRH

**DEFENDANT AND COUNTER-CLAIM PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW Multimedia Dental Systems, Inc., Defendant and Counterclaim Plaintiff in the above-styled civil action, and pursuant to Fed. R. Civ. P. 26 and 34 hereby serves upon Plaintiff and Counterclaim Defendant its First Request for Production of Documents and Things and requires Plaintiff and Counterclaim Defendant to produce responsive materials at the offices of the Defendant's attorney, Suite 2000, 1201 West Peachtree Street, N.E., Atlanta, Georgia 30309 within the time allowed by law.

## INSTRUCTIONS

In responding to these requests, you are required to produce all material that is available to you, including material that is in the possession of your attorneys and agents and those acting in concert with you. In the event that any material will be withheld because of a claim of privilege or work product, describe the material and state the basis upon which the privilege will be claimed; if a document is involved, state the author of the document, the date of the

document, and the identity of the person possessing the document. You are required to seasonably supplement your responses as provided by Fed. R. Civ. P. 26(e).

## DEFINITIONS

The requests that follow are to be interpreted and answered with reference to the following definitions and instructions:

A.   The term "Synca" shall refer to Plaintiff and Counterclaim Defendant Synca Direct, Inc., and its officers, directors, employees, partners, associates, management personnel, supervisors, permanent and temporary personnel, agents, representatives, parent companies, subsidiaries, predecessors, designees, assignees, affiliated corporations, and/or any other person representing or purporting to represent it in any capacity, including without limitation.

B.   The term "communication" shall refer to any exchange or transmission of words or ideas to another person or entity, whether accomplished person to person, by telephone, in writing, via electronic mail or through another medium, and shall include, without limitation, discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes and statements or questions.

C.   The term "document" is intended to have the broadest possible meaning and to include anything coming within the definition of "writings" and "recordings" set forth in Rule 1001(1) of the Federal Rules of Evidence. Without limiting that definition, and for purposes of amplification, the term "document" includes any documents stored, maintained or transmitted via electronic, magnetic or digital means and includes notes, emails, calendars, appointment books and data stored in personal digital assistants. A draft, non-identical copy, or subsequently altered copy is a separate copy within the meaning of the term document.

D.  The terms "person" or "persons" shall refer not only to natural persons, but also, without limitation, to firms, partnerships, corporations, associations, unincorporated associations, organizations, businesses, trusts, public entities, parent companies, subsidiaries, divisions, departments or other units thereof, and/or any other type of legal entities.

E.  "Concerning" means referring to, describing, evidencing, or constituting.

## REQUESTS FOR PRODUCTION

1.

A complete copy of the source code for the dental imaging software described in paragraph 8 of the complaint (hereinafter referred to as "CADIv4").

2.

A complete, fully functioning example of CADIv4, including all user manuals and related documentation.

3.

A copy of any and all written representations from the creator/owner of the software upon which Synca claims to have relied as set forth in paragraph 12 of the complaint.

4.

A complete copy of any license, distribution agreement, or other agreement or document of whatsoever kind or nature under which Synca claims any right of ownership or right to license, sell, or otherwise distribute CADIv4.

5.

All documents (including, without limitation, sales invoices, receipts, purchase orders, or shipping records) concerning any license, distribution, or sale by Synca of CADIv4.

6.

To the extent not duplicative of a previous request, documents sufficient to discern the prices at which Synca licensed, distributed, or sold CADIv4.

7.

To the extent not duplicative of a previous request, any document concerning Synca's acquisition of the CADIv4 source code.

8.

Price lists for units of CADIv4 distributed by Synca.

9.

All Defendants' advertisements and/or promotional materials (including, without limitation, e-mail and Internet advertisements and/or promotional materials) concerning CADIv4.

10.

Synca's balance sheets and financial statements covering the period from 2003 to the present.

11.

Synca's income tax returns (federal and state) for the years 2003 through the present.

12.

All insurance policies that may provide coverage for Synca's defense of the counterclaims or for any judgment against Synca in this action.

13.

All documents sufficient to determine the number of units of CADIv4 sold or licensed by Synca from January 1, 2003 thru the present and the revenue generated thereby.

14.

All documents concerning any license or other written agreements that allegedly give Synca the right to distribute CADIv4.

15.

All documents concerning any licenses Synca has alleged given to any person, firm or corporation granting the right to sell, license or otherwise distribute CADIv4 in North or South America.

16.

All documents concerning any communications that Synca has received from MultiMedia Dental Systems, Inc. ("MMD") or its counsel including, without limitation, warning letters, and cease and desist letters.

17.

Synca's Articles of Incorporation, Partnership Agreements, or comparable documents showing its business form.

18.

Articles of Incorporation, Partnership Agreements, or comparable documents that identify the business form of entities currently and/or formerly related to Synca.

19.

All documents concerning Defendants' defense(s) to MultiMedia's Counterclaims.

20.

Documents sufficient to discern every Internet website through which Synca has offered or solicited CADIv4.

21.

All documents concerning Synca's acquisition and use of the source code for CADIv4.

22.

Statements for all financial accounts that Synca has used to deposit money received distributing CADIv4.

23.

All documents concerning any and all communications and agreements between Synca and Jeffrey Hoos.

24.

All documents concerning any application to exhibit at or attend the Chicago Dental Society Midwinter Meeting and The 2006 Greater New York Dental Meeting, etc. or any other meeting of dental professionals in North or South America in 2005, 2006 or 2007.

25.

All documents concerning MMD or MediaDent D.I. software.

26.

All documents concerning any communications with any person or entity distributing the CADIv4 software, including but not limited to Video Dental Concepts and www.docere.com.

27.

All documents concerning any analysis or effort to determine whether CADIv4 infringes the copyright in the MediaDent D.I. software.

28.

All communications with any person concerning any analysis or effort to determine whether CADIv4 infringes the copyright in the MediaDent D.I. software.

29.

All documents identified in any answer to the interrogatories propounded by MMD.

Dated: February 9, 2007

                              HOLLAND & KNIGHT LLP

                              By: _____
                              James V. Marks
                              Bar No. 513143
                              195 Broadway, 24th Floor
                              New York, NY 10007

                              Gregory J. Digel *(pro hac vice)*
                              Bar No. 106410
                              One Atlantic Center, Suite 2000
                              1201 West Peachtree Street, N.E.
                              Atlanta, Georgia 30309-3400
                              (404) 817-3500/(404) 881-0470 (fax)

                              Edward J. Naughton *(pro hac vice)*
                              Bar No. 106411
                              10 St. James Avenue
                              11th Floor
                              Boston MA 02116
                              (617) 523-2700/(617) 523-6850 (fax)

                              Counsel for MultiMedia Dental Systems,
                              Inc. Defendant and Counterclaim Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

---

SYNCA DIRECT, INC.,

                Plaintiff,

~against~

MULTIMEDIA DENTAL SYSTEMS, INC.

                Defendant.

**CERTIFICATE OF SERVICE**

Index No. 06-CV-1263 LEK/DRH

---

    I hereby certify that I have served a true and correct copy of the within and foregoing **Defendant and Counterclaim Plaintiff's First Request for Production** upon all parties of record by depositing a copy of the same in the United States Mail, postage prepaid, and addressed as follows:

        William L. Owens, Esq.
        Stafford, Owens, Curtin & Trombley, PLLC
        P.O. Box 2947
        Plattsburgh, New York 12901

This 9th day of February, 2007.

                                                _____
                                                Counsel for Defendant and Counterclaim Plaintiff

# 4196289_v2