UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SYNCA DIRECT, INC.,

        Plaintiff and Counterclaim-Defendant,

-against-

MULTIMEDIA DENTAL SYSTEMS, INC.,

        Defendant and Counterclaim Plaintiff,

-against-

SYNCA and JOHN DOES 1-5,

        Additional Counterclaim-Defendants.
-----------------------------------------------------------------X

Case No. 07-CV-6030 (WHP)(GWG)

**AFFIDAVIT OF JOSEPH K. POE IN SUPPORT OF DEFENDANT AND COUNTERCLAIM-PLAINTIFF MULTIMEDIA DENTAL SYSTEMS, INC.'S MOTION FOR CONTEMPT**

    JOSEPH K. POE, being duly sworn, deposes and says:

    1.    I am a member of the Bar of this Court and am a member of the firm Rivkin Radler LLP, attorneys for the Defendant and Counterclaim-Plaintiff, Multimedia Dental Systems, Inc. ("MMD") in the above-entitled action. I am familiar with all the facts and circumstances in this action and, more particularly, the facts and circumstances upon which the accompanying application is based.

    2.    I make this affidavit in accordance with L.R. 83.9(a) and L.R. 6.1(d), in support of MMD's motion seeking to hold the Plaintiff and Counterclaim-Defendant, Synca Direct, Inc. ("Synca"), in contempt of the Preliminary Injunction Order, issued in this action on January 31, 2007.

    3.    This action was commenced on October 18, 2006, by the filing of a Summons and Complaint in the United States District Court for the Northern District of New York. The index number assigned was 06-CV-1263 (LEK/DRH).

### The Preliminary Injunction Order

4. MMD sought issuance of a preliminary injunction by Order to Show Cause filed on January 11, 2007. MMD's motion was argued on January 25, 2007. At that time, Synca conceded that MMD was entitled to a preliminary injunction. A true and correct copy of the transcript of the January 25, 2007 oral argument is attached hereto as Exhibit "A" (*see* 4:15-5:7).

5. Following the oral argument on January 25, 2007, the parties jointly drafted a Preliminary Injunction Order. A true and correct copy of Synca's attorney's January 30, 2007 letter to the Court with proposed changes to the Preliminary Injunction Order submitted by MMD's attorneys is attached hereto as Exhibit "B," and a copy of MMD's attorney's January 30, 2007 letter to the Court responding to Exhibit "B" is attached hereto as Exhibit "C."

6. On January 31, 2007, the Court issued a Preliminary Injunction Order. A true and correct copy of the Preliminary Injunction Order is attached hereto as Exhibit "D."

7. The Preliminary Injunction Order enjoined Synca from, *inter alia*,

> distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting or displaying any software program including specifically, but not limited to CADI v.4, which bears any simulation, reproduction, copy of colorable imitation of any program utilizing any of the source code protected by MMD's certificate of copyright registration number TX-6-159-013.

See Exhibit "D," p. 2, ¶ (b).

8. By letter dated February 1, 2007, MMD provided Raymond Monette with a copy of the Preliminary Injunction Order. A true and correct copy of MMD's attorney's February 1, 2007 letter to Raymond Monette is attached hereto as Exhibit "E." Mr. Monette is the President of Synca Direct, Inc. A true and correct copy of Raymond Monette's January 15,

2007 Affidavit, submitted in opposition to MMD's Order to Show Cause, is attached hereto as Exhibit "F" (*see*, ¶ 1).

**Synca's Website Contains Blatant Promotion Of The CADI v.4 Software**

9. MMD has discovered that Synca is actively offering for sale, advertising, promoting and displaying the CADI v.4 software on its website, http://www.synca.com/.

10. On the first page of the English version of Synca's website, http://www.synca.com/english/synca_english.html, a viewer of the website is prompted by a talking skeleton to click on a "Play" button that feeds the viewer to a video presentation about the CADI v.4 software (the "CADI v.4 video presentation"). The viewer can also reach the CADI v.4 video presentation by "clicking" on a link on the left-hand side of that page entitled "Imaging Software." A true and correct copy of a screen print of the page http://www.synca.com/english/synca_english.html is attached hereto as Exhibit "G."

11. The CADI v.4 video presentation, hosted by Robert Beauchamp, the Sales and Marketing Manager for Synca, promotes Synca's imaging software called CADI v.4. A true and correct copy of screen prints of the CADI v.4 video presentation appearing at http://www.synca.com/english/cadi.php?Video=2A is attached hereto as Exhibit "H."

12. The lower right-hand corner of the CADI v.4 video presentation contains a copyright designation for "Synca Direct Inc." *See* Exhibit "H."

13. In the upper right-hand corner of the CADI v.4 video presentation, a viewer is able to select either a "Text version" of the presentation or a "PDF Document." *See* Exhibit "H."

14. The "Text version" provides a viewer with the text of the CADI v.4 video presentation. A true and correct copy of the "Text version" of the CADI v.4 video presentation is attached hereto as "Exhibit "I."

15. The "PDF Document" further promotes and advertises the CADI v.4 software. A true and correct copy of the "PDF Document" is attached hereto as Exhibit "J."

16. Each page of the "PDF Document" (except page 2) includes a design with the acronym "CADI" followed by the number "4" in a circle. *See* Exhibit "J." The CADI v.4 design is also present on the last five pages of Exhibit "H." That design is the same design for CADI v.4 that Synca used at the time the Preliminary Injunction Order was issued. Indeed, during initial document discovery in this action, Synca produced to MMD a copy of the same brochure for CADI v.4 that is currently available on its website as the "PDF Document." A true and correct copy of the CADI v.4 brochure produced by Synca in discovery is attached hereto as Exhibit "K."

17. At the bottom of the text pages of the "PDF Document" is a web address, www.cadi.net, as well as two telephone numbers. *See* Exhibit "J." One telephone number is identified for Canada, where Synca is headquartered. The other is a telephone number for, presumably, the United States. That telephone number is 1-888-582-8115. I was able to call this number from my desk in Uniondale, New York and reach Synca. When the call was answered, I was welcomed by an automated message "to Synca, the proud provider of the CADI imaging software."

18. There are no apparent restrictions on the Synca website preventing the sale of the CADI v.4 software to customers in the United States.

**This Is Not Synca's First Violation Of The Preliminary Injunction Order**

19. This is not the first time that MMD has discovered that Synca is blatantly violating the Preliminary Injunction Order. Following the issuance of the Preliminary Injunction Order, MMD detected that Synca was violating that Order in February 2007. At that time, MMD sent Synca a "cease and desist" letter. A true and correct copy of MMD's attorney's February 12, 2007 letter to Synca's attorney and copied to Raymond Monette of Synca is attached hereto as Exhibit "L."

20. Subsequently, MMD sent Synca a further "cease and desist" letter. A true and correct copy of MMD's attorney's February 20, 2007 letter to Synca's attorney and copied to Raymond Monette of Synca is attached hereto as Exhibit "M."

21. Synca continued to violate the Preliminary Injunction Order, prompting further correspondence from MMD's attorney on February 21, 2007. A true and correct copy of MMD's attorney's February 21, 2007 letter to Synca's attorney and copied to Raymond Monette of Synca is attached hereto as Exhibit "N."

22. Raymond Monette responded to MMD's attorney's February 21, 2007 letter, and MMD's attorney and Mr. Monette corresponded further on February 21, 2007 concerning Synca's violation of the Preliminary Injunction Order, which concluded with an assurance by Mr. Monette that "Synca had accepted to and is complying with this temporary situation." A true and correct copy of the correspondence between MMD's attorney's and Raymond Monette on February 21, 2007 are attached hereto as Exhibits "O," "P" and "Q."

**Synca Has Sold The CADI v.4 Software**

23. Upon information and belief, Synca has made at least one sale of the CADI v.4 software after the issuance of the Preliminary Injunction Order. A true and correct

copy of a December 21, 2007 posting on the Dentaltown.com Message Board is attached hereto as Exhibit "R."

* * *

24.     MMD's copyrighted software, MediaDent Dental Imaging v.4.5 ("MediaDent D.I.") -- which Synca is infringing by its advertising, promotion and sale of the CADI v.4 software -- is an extremely valuable and profitable asset for MMD, which it continues to sell nationally and internationally. It is urgent that Synca's conduct be arrested immediately so as to prevent further injury to MMD's business. *See* accompanying Affidavit of Robert Scott McLaughlin in Support of Defendant and Counterclaim-Plaintiff Multimedia Dental Systems, Inc.'s Motion for Contempt.

* * *

25.     MMD has made the accompanying application by Order to Show Cause rather than by notice on motion because the application seeks redress for Synca's willful violation of the Preliminary Injunction Order, which is, inherently, an urgent situation that must be dealt with swiftly. Indeed, the very purpose of the Preliminary Injunction Order was to protect MMD from Synca's infringing activities that caused injury to MMD's business.

* * *

26.     MMD has not made a previous application for similar relief.

_____
Joseph K. Poe

Sworn to before me this 15th
day of January, 2008.

_____
Notary Public

TRACY J. KRUGALUK
Notary Public, State of New York
No. 4914094
Qualified in Nassau County
Commission Expires December 7, 2009

- 6 -