UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SYNCA DIRECT, INC.,

      Plaintiff and Counterclaim-Defendant,

      -against-

MULTIMEDIA DENTAL SYSTEMS, INC.,

      Defendant and Counterclaim Plaintiff,

      -against-

SYNCA and JOHN DOES 1-5,

      Additional Counterclaim-Defendants.

------------------------------------------------------------X

Case No. 07-CV-6030 (WHP)(GWG)

MEMORANDUM OF LAW IN SUPPORT OF MULTIMEDIA DENTAL SYSTEMS, INC.'S
MOTION TO HOLD SYNCA DIRECT, INC. IN CIVIL CONTEMPT

RIVKIN RADLER LLP
Joseph K. Poe
926 RexCorp Plaza
Uniondale, NY 11556-0926
(516) 357-3000
Attorneys for Defendant and
Counterclaim Plaintiff
MULTIMEDIA DENTAL
SYSTEMS, INC.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF THE FACTS ............................................................................................. 2

    The Preliminary Injunction Order................................................................................... 2

    Synca's Website Contains Blatant Promotion Of The CADI v.4 Software
    In Violation Of The Preliminary Injunction Order......................................................... 3

    This Is Not Synca's First Violation Of The Preliminary Injunction Order ................. 4

ARGUMENT
SYNCA IS IN WILLFUL CONTEMPT OF THE
PRELIMINARY INJUNCTION ORDER............................................................................... 5

A.  Synca Is In Civil Contempt Of The Preliminary Injunction Order............................. 5

  1.  The Preliminary Injunction Order is Clear and Unambiguous............................... 6

  2.  The Proof of Synca's Violation of the Preliminary Injunction Order is Clear
      and Convincing................................................................................................................ 8

  3.  Synca has not Diligently Attempted in a Reasonable Manner to Comply
      with the Preliminary Injunction Order ....................................................................... 8

B.  Synca's Violation Of The Preliminary Injunction Order Has Been Willful............... 9

C.  Synca Cannot Overcome A Finding That It Is In Civil Contempt
     Of The Preliminary Injunction Order ........................................................................... 10

D.  The Court Should Punish Synca's Civil Contempt By Awarding MMD
     Compensatory Damages and Attorney's Fees And Costs And Impose Coercive
     Sanctions Upon Synca ..................................................................................................... 11

  1.  MMD Requires Discovery to Establish Compensatory Damages .......................... 12

  2.  MMD is Entitled to Recovery of Attorney's Fees and Costs for Synca's
      Willful Civil Contempt ................................................................................................ 12

  3.  The Court Should Impose Monetary Sanctions to Coerce Synca's Future
      Compliance with the Preliminary Injunction Order ............................................... 13

CONCLUSION .......................................................................................................................... 15

## TABLE OF AUTHORITIES

### FEDERAL CASES

*A.V. By Versace, Inc. v. Gianni Versace, S.p.A.*, 87 F. Supp. 2d 281 (S.D.N.Y. 2000) ..............5, 8

*Barcia v. Sitkin*, 79 Civ. 5831, 1997 U.S. Dist. LEXIS 1611 (S.D.N.Y. Feb. 13, 1997) ................9

*Chere Amie, Inc. v. Windstar Apparel, Corp.*, 175 F. Supp. 2d 562 (S.D.N.Y. 2001)..............5, 14

*Federal Trade Commission v. Verity International, Ltd.*, 140 F. Supp. 2d 313 (S.D.N.Y. 2001) ...............................................................................................................................11

*Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.*, 06 Civ. 0085, 2007 U.S. Dist. LEXIS 75812 (S.D.N.Y. Oct. 10, 2007) ........................................................9, 12

*Independent Living Aids, Inc. v. Maxi-Aids, Inc.*, 349 F. Supp. 2d 509 (E.D.N.Y. 2004).......10, 14

*Leadsinger, Inc. v. Cole*, 05 Civ. 5606, 2006 U.S. Dist. LEXIS 55550 (S.D.N.Y. Aug. 4, 2006) ....................................................................................................................6, 8, 11

*N. Y. S. Nat'l Org. for Women v. Terry*, 159 F.3d 86 (2d Cir. 1998) ..............................................13

*Nat'l Basketball Assoc. v. Design Mgmt. Consultants, Inc.*, 289 F. Supp. 2d 373 (S.D.N.Y. 2003) ............................................................................................................6, 7, 12

*Paramedics Electromedicina Comercial, Ltda., v. GE Medical Systems Information Technologies, Inc.*, 369 F.3d 645 (2d Cir. 2004) .................................................................14

*Perfect Fit Industries, Inc. v. Acme Quilting Co., Inc.*, 646 F.2d 800 (2d Cir. 1981) ...................14

*Shady Records, Inc. v. Source Enters., Inc.*, 351 F. Supp. 2d 64 (S.D.N.Y. 2004) .......................13

*Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126 (2d Cir. 1979) ......................................11

## **PRELIMINARY STATEMENT**

MultiMedia Dental Systems, Inc. ("MMD") seeks an Order in accordance with L. R. 83.9, finding the plaintiff and counterclaim-defendant, Synca Direct, Inc. ("Synca"), in civil contempt for willfully violating the Preliminary Injunction Order issued in this action on January 31, 2007, awarding MMD compensatory damages, attorney's fees and costs, and imposing sanctions upon Synca.

The Preliminary Injunction Order prohibited Synca from advertising, promoting or offering for sale computer software that bore any resemblance to MMD's copyrighted software, including specifically, but not limited to, CADI v.4 software. Nevertheless, Synca has blatantly violated the preliminary injunction by promoting and selling that very software on its website.

Under New York federal law, a party is in civil contempt of a preliminary injunction order if it breached the order, the order was clear and unambiguous, the proof of the breach is clear and convincing, and the party did not diligently attempt in a reasonable manner to comply with the order. It is incontestable that the Preliminary Injunction Order was clear and unambiguous. Indeed, Synca participated in drafting it. Further, Synca's website plainly shows that it is promoting, advertising and offering for sale the very software the Preliminary Injunction Order forbade it to promote, advertise or offer for sale. Finally, it is evident that Synca has not diligently attempted in a reasonable manner to comply with the Preliminary Injunction Order. Therefore, MMD is entitled to recovery of the damages it has suffered.

Moreover, it is apparent that Synca's violation of the Preliminary Injunction Order was willful. As a result, MMD is entitled to recover the attorney's fees and costs it has incurred to investigate Synca's violation of the Preliminary Injunction Order and to bring this motion.

Lastly, given Synca's flagrant violation of the Preliminary Injunction Order, the Court should impose monetary sanctions to coerce Synca's future compliance with the Order.

## STATEMENT OF THE FACTS

MMD provides a number of products to the dental profession, including copyrighted digital x-ray and dental imaging software, MediaDent Dental Imaging v.4.5 software ("MediaDent D.I."). MMD has discovered that Synca is actively offering for sale, advertising and promoting the infringing CADI v.4 software on its website, http://www.synca.com/, which Synca is expressly forbidden to do by the terms of the Preliminary Injunction Order.

### The Preliminary Injunction Order

This action was commenced on October 18, 2006, by the filing of a Summons and Complaint in the United States District Court for the Northern District of New York. The index number assigned was 06-CV-1263 (LEK/DRH). Thereafter, MMD sought issuance of a preliminary injunction by Order to Show Cause filed on January 11, 2007. MMD's motion was argued on January 25, 2007. At that time, Synca conceded that MMD was entitled to a preliminary injunction. *See* Affidavit of Joseph K. Poe in Support of Defendant and Counterclaim-Plaintiff MultiMedia Dental Systems, Inc.'s Motion for Contempt ("Poe Aff."), Ex. "A," at 4:15-5:7.

Following oral argument on January 25, 2007, the parties jointly drafted a Preliminary Injunction Order. Poe Aff., Exs. "B" and "C." Subsequently, on January 31, 2007, the Court issued the Preliminary Injunction Order. Poe Aff., Ex. "D." The Preliminary Injunction Order enjoined Synca from, *inter alia*,

> distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting or displaying any software program including specifically, but not limited to CADI v.4, which bears any simulation, reproduction, copy, or colorable imitation of any program utilizing any of the source code protected by MMD's certificate of copyright registration number TX-6-159-013.

Poe Aff., Ex. "D," p. 2, ¶ (b).

Following the issuance of the Preliminary Injunction Order, MMD provided Raymond Monette, the President of Synca, with a copy of the Order. Poe Aff., Exs. "E" and "F."

### Synca's Website Contains Blatant Promotion Of The CADI v.4 Software In Violation Of The Preliminary Injunction Order

MMD has discovered that Synca is actively offering for sale, advertising, promoting and displaying the CADI v.4 software on its website, http://www.synca.com/. On the first page of the English version of Synca's website, http://www.synca.com/english/synca_english.html, a viewer of the website is prompted by a talking skeleton to click on a "Play" button that feeds the viewer to a video presentation about the CADI v.4 software (the "CADI v.4 video presentation"). The viewer can also reach the CADI v.4 video presentation by "clicking" on a link on the left-hand side of that page entitled "Imaging Software." Poe Aff., Ex. "G."

The CADI v.4 video presentation, hosted by Robert Beauchamp, the Sales and Marketing Manager for Synca, promotes Synca's imaging software called CADI v.4. Poe Aff., Ex. "H." The lower right-hand corner of the CADI v.4 video presentation contains a copyright designation for "Synca Direct Inc." Poe Aff., Ex. "H."

In the upper right-hand corner of the CADI v.4 video presentation, a viewer is able to select either a "Text version" of the presentation or a "PDF Document." Poe Aff., Ex. "H." The "Text version" provides a viewer with the text of the CADI v.4 video presentation. Poe Aff., "Ex. "I." The "PDF Document" further promotes and advertises the CADI v.4 software. Poe Aff., Ex. "J." Each page of the "PDF Document" (except page 2) includes a design with the acronym "CADI" followed by the number "4" in a circle. Poe Aff., Ex. "J;" *see also* Poe Aff., Ex. "H." That design is identical to the design Synca used for CADI v.4 at the time the Preliminary Injunction Order was issued. Indeed, during initial document discovery in this

- 3 -

action, Synca produced to MMD a copy of the same brochure for CADI v.4 that is currently available on its website as the "PDF Document." Poe Aff., Ex. "K."

At the bottom of the text pages of the "PDF Document" is a web address, www.cadi.net, as well as two telephone numbers. Poe Aff., Ex. "J." One telephone number is identified for Canada, where Synca is headquartered. The other, 1-888-582-8115, is a telephone number for, presumably, the United States. In fact, it is possible to dial that telephone number from New York and reach Synca. When the call is answered, the caller is welcomed, by an automated message, "to Synca, the proud provider of the CADI imaging software."

There are no apparent restrictions on the Synca website preventing the sale of the CADI v.4 software to or ordering of the software by customers in the United States.

### This Is Not Synca's First Violation Of The Preliminary Injunction Order

This is not the first time that MMD has discovered that Synca is blatantly violating the Preliminary Injunction Order. Following the issuance of the Preliminary Injunction Order, MMD detected that Synca was violating that Order in February 2007. At that time (February 12, 2007), MMD sent Synca a "cease and desist" letter. Poe Aff., Ex. "L." Subsequently, when Synca had still not complied with the Preliminary Injunction Order, MMD sent Synca a further "cease and desist" letter on February 20, 2007. Poe Aff., Ex. "M."

Nevertheless, Synca continued to violate the Preliminary Injunction Order, prompting further correspondence from MMD's attorney on February 21, 2007. Poe Aff., Ex. "N." Raymond Monette responded to MMD's attorney's February 21, 2007 letter, and MMD's attorney and Mr. Monette corresponded further on February 21, 2007 concerning Synca's violation of the Preliminary Injunction Order, which concluded with an assurance by Mr.

Monette that "Synca had accepted to and is complying with this temporary situation." Poe Aff., Exs. "O," "P" and "Q."

## ARGUMENT
### SYNCA IS IN WILLFUL CONTEMPT OF THE PRELIMINARY INJUNCTION ORER

The plain and unequivocal evidence demonstrates, beyond a shadow of a doubt, that Synca has blatantly and willfully violated the Preliminary Injunction Order. In that respect, it is incontestable that the Preliminary Injunction Order is clear and unambiguous, the proof of Synca's noncompliance with the Preliminary Injunction Order is clear and convincing, and Synca has not diligently attempted to comply in a reasonable manner. Moreover, it is obvious that Synca's violation of the Preliminary Injunction Order has been willful. Accordingly, the Court should find Synca in civil contempt for its breach of the Preliminary Injunction Order, award damages to compensate MMD for the losses it has sustained as a result of Synca's violation of the Preliminary Injunction Order, impose sanctions to coerce Synca to comply with the Preliminary Injunction Order, and award MMD the attorney's fees and costs it has incurred as a result of Synca's willful violation of the Preliminary Injunction Order.

A.  **Synca Is In Civil Contempt Of The Preliminary Injunction Order**

There can be no doubt that Synca has violated the terms of the Preliminary Injunction Order and, therefore, is in civil contempt of the Order. A court may "hold a party in civil contempt when the order the party allegedly failed to comply with is clear and unambiguous, the proof of noncompliance is clear and convincing, and the party has not diligently attempted in a reasonable manner to comply." *Chere Amie, Inc. v. Windstar Apparel, Corp.*, 175 F. Supp. 2d 562, 565 (S.D.N.Y. 2001) (Pauley, J.) (holding defendant in civil contempt and awarding attorney's fees and costs for willful contempt); *see also A.V. By Versace, Inc. v. Gianni Versace,*

- 5 -

*S.p.A.*, 87 F. Supp. 2d 281, 288 (S.D.N.Y. 2000) (Leisure, J.). Here, it is obvious that the Order is "clear and unambiguous," the evidence that Synca violated the Order is "clear and convincing," and Synca "has not diligently attempted in a reasonable manner to comply" with the Order. Accordingly, the Court should hold Synca in civil contempt of the Preliminary Injunction Order.

### 1. The Preliminary Injunction Order is Clear and Unambiguous

Here, it is plain that the terms of the Preliminary Injunction Order are "clear and unambiguous." In that regard, "[a]n order is 'clear and unambiguous' where it is 'specific and definite enough to apprise those within its scope of the conduct that is being proscribed or required.'" *Nat'l Basketball Assoc. v. Design Mgmt. Consultants, Inc.*, 289 F. Supp. 2d 373, 374 (S.D.N.Y. 2003) (Buchwald, J.) (finding a preliminary injunction agreement reached on consent to be clear and unambiguous because the alleged contemnors had agreed to the provisions violated); *Leadsinger, Inc. v. Cole*, 05 Civ. 5606, 2006 U.S. Dist. LEXIS 55550, *24 (S.D.N.Y. Aug. 4, 2006) (Pitman, M.J.).

Further, "'[a] clear and unambiguous order is one that leaves 'no uncertainty in the minds of those to whom it is addressed,' who 'must be able to ascertain from the four corners of the order precisely what acts are forbidden.'" *Id.* at 25 (quoting *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995)).

The Preliminary Injunction Order is, without question, clear and unambiguous. In plain English, the Preliminary Injunction Order enjoined Synca from, *inter alia*,

> …selling, offering for sale, advertising, importing, promoting or displaying any software program including specifically, but not limited to CADI v.4, which bears any simulation, reproduction, copy, or colorable imitation of any program utilizing any of the source code protected by MMD's certificate of copyright registration number TX-6-159-013.

Poe Aff., Ex. "D," p. 2, ¶ (b). Clearly, the Order is specific and definite enough to apprise Synca that it is forbidden from, among other things, advertising, promoting or selling any software program that bears any simulation, reproduction, copy or colorable imitation of MMD's copyrighted source code, including, without limitation, Synca's CADI v.4 software. Thus, from the four corners of the Order, Synca can ascertain that it is expressly prohibited from advertising, promoting and selling the CADI v.4 software.

Moreover, Synca participated in the drafting of the Preliminary Injunction Order. Poe Aff., Exs. "B" and "C." Thus, if Synca believed the Preliminary Injunction Order was unclear, it had an opportunity to clarify the terms of the Order. Since it was given an opportunity to suggest terms of the Order to the Court, any protest by Synca that the Order is unclear or ambiguous is disingenuous. *See, e.g., Nat'l Basketball Assoc., supra*, 289 F. Supp. 2d at 374.

Subsequent to its participation in the drafting of the Preliminary Injunction Order, Synca communicated its understanding of the requirements of the Order to MMD. Poe Aff., Exs. "O" and "Q." Specifically, Raymond Monette, Synca's President, advised MMD's attorney, Gregory Digel, that "[f]ollowing the court order, we had instructed our web site developers to remove any references to CADI," and, thereafter, "[w]e have instructed our web site developer today to remove any possibilities of obtaining or somehow connecting to CADI content," which clearly demonstrated Synca's understanding that it was not permitted to advertise, promote or sell the CADI v.4 software on its website.

Accordingly, it is evident that the Preliminary Injunction Order is clear and unambiguous and, therefore, Synca should be held in civil contempt.

### 2. The Proof of Synca's Violation of the Preliminary Injunction Order is Clear and Convincing

There is no question that the evidence of Synca's violation of the Preliminary Injunction Order presented by MMD is "clear and convincing." Proof is "clear and convincing" if it is "'adequate to demonstrate a 'reasonable certainty' that a violation occurred.'" *Leadsinger*, 2006 U.S. Dist. LEXIS 55550 at *26. The Order plainly forbids Synca from, among other things, advertising, promoting or selling the CADI v.4 software on its website. Nevertheless, the CADI v.4 website, as of the filing of this motion and, upon information and belief, for several months preceding the filing, has advertised, promoted and offered for sale the CADI v.4 software. *See* Poe Aff., Exs. "G" – "J." Moreover, the CADI v.4 software promotional material present on Synca's website is identical to the CADI v.4 software promotional material present on Synca's website at the time the Order was entered.

Additionally, MMD has uncovered evidence that Synca has made at least one sale of the CADI v.4 software after the issuance of the Preliminary Injunction Order. *See* Poe Aff., Ex. "R."

This evidence is certainly "'adequate to demonstrate a 'reasonable certainty' that a violation occurred.'" Similar "online" evidence has been found "clear and convincing" proof of a violation of a preliminary injunction. *See, e.g., A.V. By Versace, Inc.*, 87 F. Supp. 2d at 294-295. Thus, the proof that Synca has violated the Order is "clear and convincing" and, therefore, Synca should be held in civil contempt.

### 3. Synca has not Diligently Attempted in a Reasonable Manner to Comply with the Preliminary Injunction Order

Here, Synca cannot make any argument that, despite its diligent attempts in a reasonable manner to comply, it cannot comply with the Preliminary Injunction Order. A party's ability to comply with an order "must be beyond the realm of possibility, not just difficult to achieve,

before a party will be exonerated in a contempt proceeding." *Barcia v. Sitkin*, 79 Civ. 5831, 1997 U.S. Dist. LEXIS 1611, *7 (S.D.N.Y. Feb. 13, 1997) (Carter, J.). First, Synca conceded that MMD was entitled to the preliminary injunction. Second, Synca participated in drafting the Order. Thus, Synca knew -- at the time the Order was entered -- what it could and could not do according to the terms of the Order, particularly with respect to the promotion and sale of the CADI v.4 software on its website.

Moreover, shortly after entry of the Preliminary Injunction Order, MMD detected that Synca had continued to promote and sell the CADI v.4 software on its website. At that time, after MMD demanded that Synca "cease and desist," Synca's President, Raymond Monette, pledged to MMD that Synca would and could remove all references to that software from its website. Indeed, Mr. Monette did not protest to MMD that Synca could not comply or that compliance was impossible. Rather, acknowledging that the Order required Synca to remove references to the CADI v.4 software from its website, Mr. Monette assured MMD that "Synca had accepted to and is complying with this temporary situation." *See* Poe Aff., Ex. "Q."

Accordingly, it is evident that Synca has not diligently attempted in a reasonable manner to comply with the Preliminary Injunction Order and, therefore, should be held in civil contempt.

   **B.   Synca's Violation Of The Preliminary Injunction Order Has Been Willful**

Willful contempt can be found where "'the contemnor had actual notice of the court's order, was able to comply with it, did not seek to have it modified, and did not make a good faith effort to comply.'" *Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.*, 06 Civ. 0085, 2007 U.S. Dist. LEXIS 75812, *12 (S.D.N.Y. Oct. 10, 2007) (Sand, J.).

Synca has, without a doubt, willfully violated the terms of the Preliminary Injunction. First, as discussed, *supra*, Synca not only conceded MMD was entitled to the preliminary

injunction, it participated in the drafting of the Order. Moreover, the Order was filed by the Court on the Court's electronic docket on the ECF system. Thus, Synca had actual notice of the Order.

Second, as demonstrated, Synca was able to comply with the Order, having expressed to MMD's attorneys that it could and would do so. Additionally, Synca never asked the Court to modify the Order to permit it to comply. Accordingly, there is no dispute that Synca could comply with the Order.

Third, Synca never asked the Court to modify the Order. Synca did not file a motion or otherwise make such a request to the Court.

Finally, since it did not diligently attempt to comply, as evidenced by its February 2007 acknowledgment that it was required to remove the violating material, it is evident that Synca did not make a good faith effort to comply with the Order.

Accordingly, Synca has willfully violated the Order and, therefore, the Court should find Synca to be in willful civil contempt.

### C. Synca Cannot Overcome A Finding That It Is In Civil Contempt Of The Preliminary Injunction Order

Under Second Circuit law, Synca "can overcome a finding of civil contempt by proving that (1) the order is vague and indefinite as to whether a particular action is required or prohibited, (2) it lacked knowledge of the terms of the order, or (3) the proof of the violation is not clear and convincing." *Independent Living Aids, Inc. v. Maxi-Aids, Inc.*, 349 F. Supp. 2d 509, 515-516 (E.D.N.Y. 2004) (Spatt, J.). Nonetheless, Synca cannot meet its burden since, as demonstrated, *supra*, the Order is crystal clear, Synca participated in the drafting of the Order and admitted its understanding of the terms of the Order, and the proof of Synca's violation of the Order is "clear and convincing." Therefore, Synca cannot overcome a finding of civil

contempt.

Additionally, Synca cannot avoid civil contempt by asserting that its conduct "was done inadvertently or in good faith,' since the Second Circuit has found that inadvertence or good faith does not preclude a citation for civil contempt, for the sanction is remedial in nature." *Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 128 n.2 (2d Cir. 1979); *see also Leadsinger*, *supra*, 2006 U.S. Dist. LEXIS 55550 at *43-*44 (collecting cases).

Moreover, even if Synca believes the Preliminary Injunction Order is invalid or should be vacated or lifted because it has evidence that it should not have been issued, it must still obey the Order until it properly seeks to set it aside. *See, e.g., Federal Trade Commission v. Verity International, Ltd.*, 140 F. Supp. 2d 313, 315 (S.D.N.Y. 2001) (Kaplan, J.) ("[T]he validity of an order is not an appropriate consideration on a contempt motion, as a court order ordinarily must be obeyed unless and until it is reversed or vacated."); *Leadsinger*, *supra*, 2006 U.S. Dist. LEXIS 55550 at *45 ("'[P]ersons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order.'"). Synca never sought to set aside or modify the Order.

> D. **The Court Should Punish Synca's Civil Contempt By Awarding MMD Compensatory Damages and Attorney's Fees and Costs And Impose Coercive Sanctions Upon Synca**

It is evident that MMD is entitled to recovery of any actual damages it has suffered as the result of Synca's civil contempt, including its lost profits or Synca's realized profits. Additionally, since Synca's civil contempt was unquestionably willful, MMD is entitled to recover the attorney's fees and costs it incurred in connection with Synca's barefaced violation of the Preliminary Injunction Order, including the attorney's fees and costs incurred to investigate the violation and the attorney's fees and costs to prepare and bring this motion.

Finally, given the circumstances, it is appropriate for the Court to impose monetary sanctions upon Synca to coerce its future compliance with the Preliminary Injunction Order.

### 1. MMD Requires Discovery to Establish Compensatory Damages

MMD is entitled to recover its lost profits or the profits Synca gained as a result of its violation of the Preliminary Injunction Order. *Fendi Adele S.R.L.*, 2007 U.S. Dist. LEXIS 75812 at *14 ("A contempt plaintiff need not demonstrate actual injury to receive compensatory damages, but is entitled under a theory of unjust enrichment to the profits derived by a contemnor from violation of a court order."); *Nat'l Basketball Assoc., supra*, 289 F. Supp. 2d at 378 ("[P]laintiffs are entitled to the net profits defendants earned from selling Disputed Merchandise in violation of the Order."). Accordingly, MMD seeks an award of damages compensating it for losses sustained or an accounting and disgorgement of the profits that Synca has realized.

However, MMD cannot prove any losses it has sustained or any profits that Synca has realized as the result of Synca's violation of the Preliminary Injunction Order until it is able to conduct discovery of Synca concerning, among other things, sales of the CADI v.4 software that Synca has made since the entry of the Preliminary Injunction Order, any sales leads Synca has cultivated as the result of its resumption of promotion and sale of the CADI v.4 software, and the resumption of promotion and sale of the CADI v.4 software on Synca's website. Accordingly, if the Court holds Synca in civil contempt of the Preliminary Injunction order, MMD requests an opportunity to conduct focused discovery of Synca and appropriate entities such as Synca's web designer or web master to determine its damages.

### 2. MMD is Entitled to Recovery of Attorney's Fees and Costs for Synca's Willful Civil Contempt

Since Synca's misconduct was willful, MMD is entitled to recover the attorney's fees and

costs incurred to prosecute Synca's civil contempt. *N. Y. S. Nat'l Org. for Women v. Terry*, 159 F.3d 86, 95-96 (2d Cir. 1998) ("A finding that a condemnor's [sic] misconduct was willful strongly supports granting attorney's fees and costs to the party prosecuting the contempt."); *see also Shady Records, Inc. v. Source Enters., Inc.*, 351 F. Supp. 2d 64, 67 (S.D.N.Y. 2004) (Lynch, J.) ("…failure to compensate the expenses of enforcing the order… would not only permit the offender to violate the court's order with impunity, but would leave the party that obtained the order worse off for its efforts to secure compliance with its rights and the court's command."). In the event the Court holds Synca in civil contempt of the Preliminary Injunction order, MMD requests an opportunity to submit evidence of the attorney's fees and costs it has incurred as the result of Synca's violation of the Preliminary Injunction Order. MMD will be able to present evidence of the attorney's fees and costs it has incurred at the hearing or at another time determined by the Court.

### 3. The Court Should Impose Monetary Sanctions to Coerce Synca's Future Compliance with the Preliminary Injunction Order

It is manifest that Synca's conduct in this matter should not go without the imposition of sanctions. Indeed, Synca, despite participating in the drafting of the Preliminary Injunction Order and communicating with MMD's attorneys in February 2007 concerning compliance with the Order, has, patently, deliberately defied the Preliminary Injunction Order and resumed the promotion and sale of the CADI v.4 software without properly seeking the lifting of the Order. Such flagrant contemptuous conduct must not be permitted and the Court should impose appropriately harsh monetary sanctions upon Synca to ensure that such behavior will not occur again.

As the Court has previously stated

> The purpose of civil contempt proceedings is coercive and compensatory… Thus, sanctions should be calculated to coerce future compliance with the court's orders and to compensate the injured party for losses resulting from the contemptuous conduct. Since the purpose of a contempt remedy is coercive, this Court has broad discretion to fashion a remedy that will bring a defendant into compliance. …Sanctions for contempt can be imposed without a finding of willfulness. The Court, may, however, consider whether a contemnor acted willfully in determining an appropriate sanction. …Civil contempt fines may be awarded to force a contemnor to conform its conduct to a court's order and to compensate a victim's injury for the loss or harm caused by the unlawful conduct.

*Chere Amie*, 175 F. Supp. 2d at 566-567, *supra* (citations omitted) (assessing a $25,000.00 "coercive fine" and a $10,000.00 per day fine until the contemnor complied with the preliminary injunction). "The sanctions imposed upon a contemnor may properly serve to coerce future compliance or to remedy past noncompliance." *Perfect Fit Industries, Inc. v. Acme Quilting Co., Inc.*, 646 F.2d 800, 810 (2d Cir. 1981).

In determining an appropriate sanction, the Second Circuit has counseled

> …the court has "broad discretion to design a remedy that will bring about compliance." The district court is counseled to consider several factors in calculating a fine, including "the character and magnitude of the harm threatened by continued contumacy," the "probable effectiveness of any suggested sanction in bringing about [compliance]," and the contemnor's ability to pay.

*Paramedics Electromedicina Comercial, Ltda., v. GE Medical Systems Information Technologies, Inc.*, 369 F.3d 645, 657-658 (2d Cir. 2004) (citations omitted); *see also Independent Living Aids*, 349 F. Supp. 2d at 517.

Here, Synca has flagrantly disobeyed a clear and unambiguous Preliminary Injunction Order, which *it conceded* was appropriate and subsequently participated in drafting.

Accordingly, the Court should impose appropriate and harsh sanctions to compel Synca to comply with the Order and to ensure no further injury to MMD.

## CONCLUSION

Synca has blatantly violated the Preliminary Injunction Order and, therefore, should be held in civil contempt. The Preliminary Injunction Order is clear and unambiguous, the evidence of Synca's violation of the Preliminary Injunction Order is clear and convincing, and Synca did not diligently attempt in a reasonable manner to comply with the Preliminary Injunction Order. Further, Synca's violation of the Preliminary Injunction Order has been willful. Accordingly, the Court should hold Synca in civil contempt and award damages and attorney's fees and costs to compensate MMD and impose monetary sanctions upon Synca to coerce its compliance with the Preliminary Injunction Order.

DATED:   Uniondale, New York
         January 15, 2008

                                        Respectfully submitted,

                            By:  _____
                                 Joseph K. Poe (JP 1960)
                                 Rivkin Radler LLP
                                 926 RexCorp Plaza
                                 Uniondale, NY 11556-0926
                                 (516) 357-3000
                                 (516) 357-3333 (fax)

                                 Attorneys for Defendant
                                 MULTIMEDIA DENTAL SYSTEMS, INC.

2103185 v1

- 15 -